WILLIAM GERMINDER, Appellee, v. THE MACHINERY MUTUAL INSURANCE ASSOCIATION OF WATERLOO, IOWA, Appellant.

Insurance: EVIDENCE: PROMISE TO PAY. In an action on a fire policy, where the plaintiff alleges that an adjuster agreed to pay a certain sum in a specified time after proof of loss and no objection to the plea is made, but defendant admits the making of proper proofs of loss, admission of evidence of the adjuster's agreement to pay is not error.

Evidence: OBJECTION: WHEN TO BE MADE. Objection to a portion of the answer of a witness which is not responsive cannot be first raised on appeal.

Evidence: OBJECTION: VALUE: SEPARATE ITEMS: An objection to a question calling for the reasonable value of property which enumerates the separate parts but omits a material item, or where the witness has already given the value of the separate parts, should be sustained.

Evidence: PREJUDICIAL CROSS-EXAMINATION. In an action on an insurance policy where it is claimed that plaintiff set the fire, it is error to permit a material witness for the defense to be asked on cross examination if he had not been accused of burning a barn.

New Trial: NEWLY DISCOVERED EVIDENCE. Where it is claimed that the assured set the fire and he testifies that he was not present at the time it occurred, a motion for a new trial on the ground of newly discovered evidence to the effect that the assured was at the time in the vicinity of the fire should, in view of the entire record in the case, have been granted.

*Appeal from Pocahontas District Court.*—HON. A. D. BAILIE, Judge.

SATURDAY, MAY 23, 1903.

ACTION at law on a policy of insurance issued to indemnify plaintiff against loss or damage by fire or lightning on a steam engine, separator, stacker, self-binder, weigher, and water tank. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*J. H. Allen* and *W. N. Birdsall* for appellant.

*Heald & Ralston* and *Frank Farrell* for appellee.

DEEMER, J.—The separator, stacker, self-binder, and weigher covered by the policy of insurance were destroyed or damaged by a fire which occurred about 9:30 o'clock in the evening of November 1, 1899. Defendant pleaded certain false and fraudulent representations made by plaintiff in his application for insurance concerning the value, condition, and operation of the threshing outfit, and averred that the fire was caused by plaintiff himself.

In reply, plaintiff averred that defendant's agent wrote the application, and stated that he was advised by said agent to give the cost price of the machinery as its value; that defendant knew of said representations, and was estopped from disputing the value of the property, or from claiming that the statements regarding value contained in the application were false. These were the issues on which the case was tried, resulting in the verdict hitherto stated.

Defendant admitted during the trial that proper proofs of loss were made by plaintiff, but plaintiff was permitted to testify, over defendant's objections, that the

1. EVIDENCE: promise to pay.

adjuster before whom the proofs of loss were made promised to pay plaintiff $420 within sixty days from that time. As plaintiff alleged such an agreement in his petition, and as there was no attack thereon at any time, there was no error in receiving the evidence. Moreover, part of the answer was responsive to a question which did not indicate

2. EVIDENCE. objection: when to be made.

that any such a promise was called for, and defendant did not move to strike out the part of the answer which referred to the promise. The court's ruling on the question was proper, or at least not prejudicial. The answer complained of was not responsive, but defendant did not move to strike it for that reason; hence the trial court had no opportunity to pass upon the question now presented. Defendant does not ' now attack the sufficiency of the pleading setting up such a promise; hence, in any aspect of the case, the ruling was correct.

II. A witness was asked as to the reasonable value of the threshing outfit, enumerating the constituent parts thereof, at the time the policy was issued. Objection to

3. EVIDENCE: objection: value separate items.

the question was sustained. There are two reasons why the ruling was correct: In the first place, the question omitted one part of the outfit, to wit, the self-feeder. and an estimate of the

entire property, based on the omission of a material part thereof, would have been of no value and incompetent: (2) the witness had theretofore given his estimate of the value of the separate items of property.

III. A witness introduced by defendant to prove some very material circumstances tending to show that plaintiff set out the fire which destroyed his proprety was asked on

4. EVIDENCE: prejudical cross-examination.

cross-examination by plaintiff's counsel if he had not been accused of burning a barn. This was objected to by defendant, but the objection was overruled, and the witness answered that he had been. This was clearly erroneous, and manifestly prejudicial to the defendant. *Palmer v. R. R.*, 113 Iowa, 442; *Hanners v. McClelland*, 74 Iowa, 318; *State v. Brown*, 100 Iowa, 54. The rule on this question is well understood, and need not be repeated. Appellee attempts to justify on the theory that the admission of the testimony was without prejudice, because of matter elicited on re-examination, whereby defendant's counsel attempted to break the force of the impeachment. We do not think this is true. Of course, defendant's counsel attempted to put the best light on the matter possible, but nevertheless it appeared in the record that the witness had been accused of burning a barn. Surely no argument is needed to demonstrate the effect such a charge might have against one of the defendant's main witnesses.

IV. Newly discovered evidence was one of the grounds of defendant's motion for a new trial. While we should not reverse the case on this ground alone, we think,

5. NEW trial: newly discovered evidence.

in view of the entire record, that the motion should have been sustained. The witness whose testimony it is claimed was newly discovered stated in an affidavit attached to the motion that he met the plaintiff near the scene of the fire on the evening of November 1st at about 9. p. m. This was very material evidence, as plaintiff undertook to show that he

was many miles away from the scene of the fire. It is-
.true that this witness afterwards said that he did not-
intend to say that it was plaintiff whom he saw, but that
he spoke to the person, calling him by plaintiff's name,
and that he. thought it was the plaintiff. This, while
bearing on the weight of the evidence, does not show its
incompetency. Identification is almost always a matter of
opinion or belief. The only doubt about the correctness of
the ruling on the motion arises out of the showing as to dili-
gence. In view of the peculiar nature of the record, we
think it would have been wiser to have sustained the mo-
tion for a new trial on this ground alone.

V.    Lastly it is said the verdict is without support in
the evidence, and that the testimony clearly shows that-
plaintiff set fire to his own property. In view of a retrial,.
we do not care to commit ourselves at this time on this-
issue. Defendant will have the benefit of the testimony
of the witness Shine on a retrial, and we may as well await-
the result of such retrial.

For the errors pointed out, the judgment must be-
REVERSED.