HARRIETT H. MAYNARD and ANGIE H. HUME, Appellees, v. CITY OF DES MOINES, IA., Appellant.

New trial: GROUNDS: REVIEW. The granting of a new trial is largely a matter of discretion, and when granted upon matters peculiarly within the knowledge of the trial court, and of which the appellate court is not in position to judge, its ruling is presumptively correct; and where a new trial is granted generally upon a motion containing numerous grounds, the appellant has the burden of showing that none of the grounds were good.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 13, 1913.

ACTION at law to recover damages from the city due to the alleged negligent filling of a street. The case was tried

to a jury resulting in a verdict for defendant. Plaintiffs filed a motion for a new trial based upon thirty or more grounds. This motion was sustained, and defendant city appeals.—*Affirmed.*

*R. O. Brennan, H. W. Byers* and *Eskil C. Carlson,* for appellant.

*J. C. Hume* and *O. M. Brockett,* for appellees.

DEEMER, J.—As already indicated, the motion to set aside the verdict for the city and for a new trial, was based upon thirty grounds, and it was sustained generally, the trial court giving no intimation as to the specific grounds which it thought were tenable. In such cases a broad presumption exists that the ruling has support for the reason that many things may come to its knowledge, which cannot be made of record, indicating that the verdict does an injustice, or in some other way is not responsive to the issues tendered and the testimony adduced, and for the further reason that a new trial is awarded and the ultimate rights of the parties are in no manner affected. Such being the law, a rather heavy burden rests upon the appellant of showing that none of the grounds of the motion are good.

Looking to the arguments filed, we find that appellant has not met this burden. Appellant's counsel say that the trial court abused its discretion in setting aside the verdict and awarding a new trial, and this contention is supported by an argument to the effect that as a verdict was once directed for the city, which ruling was reversed by this court, and, as a jury found for the defendant upon a second trial, this should end the matter. There is no attempt to meet the propositions relied upon by plaintiffs in their motion for a new trial, and we shall not, in view of this situation, go over the various grounds of the motion to see if they were each and all without merit, as appellant's counsel broadly contend.

The trial court would have been justified, we think, in setting aside the verdict, because it did not respond to the issues presented and the testimony adduced, and was the result of passion or prejudice. We are not to be understood as announcing this as a fact to be used upon a subsequent trial of the case; for issues of fact are ordinarily for a jury. But a trial judge has a distinct function to perform, with respect to such matters, which we feel is not exercised as freely and as often as it should be.

Such court is something more than a mere moderator presiding over a contest in which it has no concern. On the contrary, it has a distinct function to perform, and, whenever it is convinced that justice has not been done under the law and the facts, it is its duty to set aside the verdict and grant a new trial. As an appellate court we have a somewhat different function to perform, for we have not only the verdict of a jury, but the deliberate judgment of the trial judge after hearing all the testimony and we should not interfere with the final order of the trial judge, except in cases where it appears that such judge has abused his discretion and acted in such an arbitrary and capricious manner that, instead of effectuating justice, he has in fact thwarted it. Nothing of the kind appears in this record. The court might well have based its ruling upon the incompetency of one of the jurors in the case or because of failure to give some of the instructions asked by plaintiff or because of error in one of its instructions with reference to the measure of damages. But, as already said, as the brief for appellant does not undertake to show that none of the grounds for a new trial were good, we are not bound to go through the entire record to discover error. *Van Wagenen v. Parsons,* 106 Iowa, 263; *Wightman v. Butler County,* 83 Iowa, 691.

The order of the trial court seems to be correct, and it is *Affirmed.*