# JOHN MALMSTAD v. McHENRY TELEPHONE COMPANY, a Corporation.

(149 N. W. 690.)

**New trial — insufficiency of evidence — discretion of court — unless only conclusion favors verdict.**

The granting of a new trial for insufficiency of the evidence to support the verdict is within the trial court's discretion, unless no conclusion can be drawn from the evidence except one favorable to the party for whom the verdict was found.

Opinion filed November 11, 1914.

Appeal from the District Court of Foster County. *Coffey,* J. Action to recover damages for removal of lateral support. . Plaintiff appeals from order setting aside the verdict and granting a new trial.

Affirmed.

*Lee Combs* and *L. S. B. Ritchie,* for appellant.

In a motion for a new trial upon the ground of newly discovered evidence, there must be facts sufficient to enable the supreme court to see that the trial judge had legal evidence before him showing the existence of such ground. Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419.

Where the affidavits upon such a motion show and pertain solely to matters of a negative or merely cumulative nature, they are not ground for a new trial. Boos v. Ætna Ins. Co. 22 N. D. 11, 132 N. W. 222.

*W. O. Lowden* and *S. E. Ellsworth,* for respondent.

The motion for a new trial was made and based upon several grounds —insufficiency of the evidence, newly discovered evidence, and error in law occurring at the trial. The order of the court granting a new trial was general, without specifying any ground. Therefore such order will not be disturbed if there is any tenable ground for its support. Citizens' Bank v. Schultz, 21 N. D. 551, 132 N. W. 134; Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

If any of the grounds urged for a new trial are tenable and supported, the order will not be disturbed. Olson v. Riddle; 22 N. D. 144, 132 N. W. 655; White v. Barling, 36 Mont. 413, 93 Pac. 348.

The application for a new trial upon the ground of insufficiency of the evidence is addressed to the sound discretion of the trial court, and the order on same will not be disturbed unless it appears that such discretion has been abused. Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Libby v. Barry, 15 N. D. 286, 107 N. W. 972; White v. Barling, 36 Mont. 413, 93 Pac. 348; Ball v. American Transfer Co. 21 Cal. App. 437, 132 Pac. 82; Cutten v. Pearsall, 146 Cal. 690, 81 Pac. 25; Re Martin, 113 Cal. 479, 45 Pac. 813; Cunningham v. Atterbury, 163 Mo. App. 594, 147 S. W. 495; Dobbins v. Graer, 50 Colo. 10, 114 Pac. 303; Gross Coal Co. v. Milwaukee, 148 Wis. 72, 134 N. W. 139; Bailey v. McCormick, 132 Wis. 498, 112 N. W. 457.

The supreme court will not weigh conflicting evidence, or disturb the order of the trial court in granting a new trial. Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; McGraw v. Manhattan Co. 66 Wash. 388, 119 Pac. 822; McCarthy v. Morris, 17 Cal. App. 723, 121 Pac. 696; 14 Enc. Pl. & Pr. 930, 955, 960, 978, 982 note 3, 985 and cases in note 1, 987 and cases in note 1; Taylor v. Scherpe & K. Architectural Co. 47 Mo. App. 257; Watson v. St. Paul City R. Co. 42 Minn. 46, 43 N. W. 904; Sunberg v. Babcock, 66 Iowa, 515, 24 N. W. 19; Hayne, New Trials, p. 250; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Patch v. Northern P. R. Co. 5 N. D. 55, 63 N. W. 207; Hicks v. Stone, 13 Minn. 434, Gil. 398; Cowley v. Davidson, 13 Minn. 92, Gil. 86; Morrison v. Mendenhall, 18 Minn. 238, Gil. 212; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; McCann v. McCann, 20 Cal. App. 567, 129 Pac. 965; Maynard v. Des Moines, 159 Iowa, 126, 140 N. W. 208; Christie Lithograph & Printing Co. v. American Bonding Co. 119 Minn. 11, 137 N. W. 188; Peterson v. Chicago G. W. R. Co. 106 Minn. 245, 118 N. W. 1016; Stebbins v. Martin, 121 Minn. 154, 140 N. W. 1029.

A new trial will sometimes be granted on a showing of newly discovered evidence which is cumulative, especially where it appears that such new evidence is of a character so convincing and controlling that it will or ought to change the result on another trial. Oberlander v. Fixen, 129 Cal. 690, 62 Pac. 254; Germinder v. Machinery Mut. Ins. Asso. 120 Iowa, 614, 94 N. W. 1108.

Where interest is not recoverable, and the court instructs the jury to award interest if it finds a verdict for plaintiff, such instruction is reversible error. Rev. Codes 1905, § 6560; Johnson v. Northern P. R. Co. 1 N. D. 354, 48 N. W. 227; Burger v. Sinclair, 24 N. D. 624, 140 N. W. 246; Lindblom v. Sonstelie, 10 N. D. 140, 86 N. W. 357.

BRUCE, J. This is an appeal from an order setting aside a verdict and granting a new trial in an action to recover damages for the negligent removal of the lateral support of a building. It would serve no useful purpose to review the evidence. The theory of the plaintiff is that the defendant negligently made the excavation in question, and, by not giving the plaintiff notice of the proposed work, made it impossible for him to protect his building. The theory of the defendant, on the other hand, is that, though no notice was given, a wall was constructed against the adjoining bank as the work progressed, which gave it all the support that was necessary, and that the real fact was that the building of plaintiff was itself improperly constructed and without any foundation, and that the injuries complained of were occasioned by the defects in the building itself, and were not in any way caused by the negligence of the defendant, or necessarily by the excavation at all. The excavation seems to have been dug in November, and plaintiff himself testifies that there was no sliding of the building until the frost went out in the spring, and, though he testifies to cracks before that time, the photographs which he introduces in evidence were not taken until the spring, and his testimony as to the time when the injuries became apparent is quite confusing.

There is, on the other hand, quite convincing evidence of the poor construction of the building, and of an inferior grade of materials which were used therein. This evidence is also sought to be corroborated by after discovered evidence which is quite convincing, and, though no diligence is shown in the attempt to obtain it, we are not prepared to say that the court in passing upon the motion for a new trial was not justified in considering it, and that the evidence is, as claimed by the plaintiff, merely cumulative. It is, in fact, corroborative rather than cumulative. It is, at any rate, quite probable that this evidence would have a material influence in determining the result upon the new trial, and in such cases the discretion of the trial

court in granting a new trial on cumulative evidence is rarely, if ever, interfered with upon appeal. Oberlander v. Fixen, 129 Cal. 690, 62 Pac. 254; Germinder v. Machinery Mut. Ins. Asso. 120 Iowa, 614, 94 N. W. 1108. It is to be remembered that we are here dealing with the discretion of the trial court, and that it is one thing to say that a court has not erred in refusing to consider such evidence, and quite another thing to say that it has abused its discretion in doing so.

The proof of negligence in the case, indeed, is far from satisfactory. We cannot ourselves but be in doubt whether the course pursued by the defendants in making the excavation and in building the supporting wall was not all that could be required or expected, and that the wall was not as serviceable as any protection that the plaintiff himself could have adopted. The only witness of plaintiff upon this specific question is the witness Anderson. Although he testified that the usual procedure in such cases was "to build a false structure and remove it after the wall as you go along," he also testified that "there might be more than one way," and that he "did not say that the only proper way to construct a wall in the vicinity of a cement block was to put up false work. Whether a false work is required or not depends upon the soil or the time of the year. The purpose of that retaining or false wall is to keep it from caving. If the earth does not cave, then you do not need the false work. If, for instance, south of the wall I was about to construct, there existed a cellar 10 by 15 feet in length, running parallel with the wall, 7 feet deep, dug out of the earth, and plastered on the earth and remaining in good condition for years, with no signs of cracks or scaling of the walls, I would say the chances are a wall of that character, in the month of November, *would not need a false work to support it.* The chances are it was a reasonably compact wall. In order to determine if it was necessary to construct a false wall after starting the excavation, a man must use his judgment as he went along. I was not asked the question whether the making of this wall without false work was negligence. I did not see it built. *I don't say that it was negligence.* I do not want the jury to understand I did. *I do not want the jury to understand that the failure to use false work caused this injury.* I did not see the building built, and if I had told them that, it would only have been my opinion. I did not examine the foundation inside under the floor. I do not know

how the floor joists of the building are supported. I saw that the wall was cracked. *I cannot tell whether the wall slipped or slid.* I saw that it was out of plumb. It had settled, I suppose. I do not know what else could cause it."

It may be conceded that failure to give the notice which is required by the statute is evidence of negligence. Schultz v. Byers, 53 N. J. L. 442, 13 L.R.A. 569, 26 Am. St. Rep. 435, 22 Atl. 514. The purpose of the statute, however, (Rev. Codes 1905, § 4811), could only have been to enable the adjacent landowner to take steps for his protection if his neighbor failed to do so, and the question, after all, is merely whether or not the wall that was built did not afford all of the protection that the "false work," or any other reasonable method of protection, could have given, and whether the injury to the building was caused by the excavation at all, but rather by its own poor construction. It is, too, very doubtful whether any part of the damage complained of was occasioned in the fall of 1909 and prior to the spring of 1910. It is admitted that plaintiff had a personal knowledge of the excavation within a few days after the work was commenced, and, if no damage had then occurred, in ample time to take steps for his protection. If such is the fact, the failure to give the statutory notice is by no means decisive of the case. 1 Cyc. 780; Novotny v. Danforth, 9 S. D. 301, 68 N. W. 749.

Upon the state of facts disclosed, indeed, this court cannot say that the learned trial judge abused his sound discretion in granting a new trial. The case is not one where a new trial has been refused, and where the applicant has been denied any other hearing but upon appeal, nor is it a case where this court upon appeal is asked to set aside a verdict of a jury. The rule, indeed, seems to be well established that the granting of a new trial for insufficiency of the evidence to support the verdict is within the trial court's discretion, unless no conclusion can be drawn from the evidence except one favorable to the party for whom the verdict was found. Bledsoe v. Decrow, 132 Cal. 312, 64 Pac. 397.

We cannot say that but one conclusion can be drawn from the evidence in this case, and that favorable to the plaintiff and appellant. After a thorough examination of the record, we in fact find ourselves entirely confused as to the merits of the controversy. The trial judge,

indeed, "is something more than a mere moderator presiding over a contest in which it has no concern. On the contrary, it has a distinct function to perform, and whenever it is convinced that justice has not been done under the law and the facts, it is its duty to set aside the verdict and grant a new trial. As an appellate court we have a somewhat different function to perform, for we have not only the verdict of a jury, but the deliberate judgment of the trial judge after hearing all the testimony, and we should not interfere with the final order of the trial judge except in cases where it appears that such judge has abused his discretion and acted in such an arbitrary and capricious manner that, instead of effectuating justice, he has in fact thwarted it." Maynard v. Des Moines, 159 Iowa, 126, 140 N. W. 208. "At the conclusion of all the testimony," the trial judge "weighs the evidence and determines the facts; and if he afterwards concludes that he has made an erroneous decision, it is his duty, where proper proceedings are had, calling the matter to his attention, to grant a motion for a new trial; and where there has been heard conflicting testimony, an appellate court cannot, in reviewing the ruling made upon such motion, disturb the order. It is only where the evidence heard establishes an uncontradicted state of facts in favor of one or the other of the parties to an action that a question of law is presented which an appellate court may consider. The record of the testimony heard at the trial of this action does not disclose that the material facts were uncontradicted or undisputed, and that being true the appellants must rest content with the order made granting a new trial, unless they can present some question of law upon which we would be impelled for other reasons to conclude that the order was irregularly or improperly made." McCann v. McCann, 20 Cal. App. 567, 129 Pac. 965.

"An examination of the grounds of the application for the order appealed from," says Mr. Justice Wallin, in the case of Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619, "will at once develop the fact that the trial court, in disposing of the problem presented upon the application, was not governed by fixed rules of law. . . . When motions of this nature are presented to a court, they are classified as motions addressed to the discretion of the court. In considering the evidence adduced or that newly discovered, no fixed rules of law exist which could be de-

cisive of the result of the investigation. Under such circumstances a margin of discretion is vested in trial courts, which permits them, with a view to promoting the ends of justice, to weigh the evidence, and, within certain limitations, act upon their own judgment with reference to its weight and credibility. Nor in such cases will the court necessarily be governed by the fact that the verdict returned has the support of an apparent preponderance of the evidence. Unrighteous verdicts sometimes are supported by apparently substantial evidence, and to meet such exceptional cases the presiding judge, who sees and hears the witnesses, is vested with a discretion to vacate such verdicts and order a new trial in furtherance of justice. *The rule that governs a court of review in this class of motions—i. e.,* those which appeal to judicial discretion—*does not apply to trial courts,* and hence the trial court is not debarred from granting or refusing a new trial by the mere fact that the verdict rests upon substantial or conflicting evidence. Hayne, New Trials, § 97. This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution; and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases. The duties devolving upon a court of review in this class of cases are to be distinguished from those which govern in trial courts. In the reviewing tribunal the weight and credibility of testimony will only be considered with a view to determine whether the order made in an inferior court, when acting within the domain of discretion, was or was not an abuse of discretion. See 14 Enc. Pl. & Pr. 930, 985, and cases in note 1; Taylor v. Scherpe & K. Architectural Co. 47 Mo. App. 257. The rule applicable here is analogous to that applied where a new trial is sought on the grounds of improper remarks made by counsel to a jury, *i. e.,* the granting or refusing the application is within the discretion of the trial court. See Watson v. St. Paul City R. Co. 42 Minn. 46, 43 N. W. 904, and Sunberg v. Babcock, 66 Iowa, 515, 24 N. W. 19. In the Federal courts, as at common law, all motions for a new trial are addressed to the discretion of the trial court, and its ruling cannot be reversed. See 14 Enc. Pl. & Pr. 955. As to the application of this rule to newly discovered evidence, see Id. 982, note 3, and Hayne, New Trials, p. 250. See also the South Dakota cases cited in Distad v. Shanklin, 11 S. D. 1,

75 N. W. 205. In the case at bar the order appealed from granted a new trial. Such orders, when based upon the insufficiency of the evidence, are rarely reversed by a reviewing court, and never except upon grounds which are strong and cogent. The reason for discriminating in favor of such orders is that they are not decisive of the case, but, on the contrary, only open the way for a reinvestigation of the entire case upon its facts and merits. See Patch v. Northern P. R. Co. 5 N. D. 55, 63 N. W. 207; Hicks v. Stone, 13 Minn. 434, Gil. 398; Cowley v. Davidson, 13 Minn. 92, Gil. 86; Morrison v. Mendenhall, 18 Minn. 236, 238, Gil. 212; also 14 Enc. Pl. & Pr. 978, 987, and cases in note 1; also, Id. 960."

The order of the District Court is affirmed.