## JAY J. SEYMOUR v. F. C. DAVIES, as Sheriff.

### (156 N. W. 112.)

Upon the affidavits in support of and controverting the granting of a new trial after a verdict for plaintiff, it is *held:*

**Issue of fact — record — sufficient for submission to jury — merits — new trial — motion for — affidavits.**

1. Upon the record on trial an issue of fact was presented sufficient to require submission of the merits of the case to the jury.

**Former trial — issues — new trial — newly discovered evidence — result.**

2. Under the issues presented on the former trial the purported newly discovered facts might have materially affected the result.

**Newly discovered evidence — trial court's findings on — conflicting evidence — facts presented by affidavits — not disturbed.**

3. The trial court's holding that the purported facts amounted to newly discovered evidence will not be disturbed under the conflict of fact presented by the affidavits.

**Newly discovered evidence — diligence — showing on — undiscovered before — reasons for.**

4. The defendant has shown sufficient reason for not earlier discovering the facts urged as the grounds for new trial.

Opinion filed January 7, 1916.

An appeal from an order of the District Court of Eddy County, *Buttz,* J., granting a new trial.

Affirmed.

*James A. Manley,* for appellant.

A person in actual possession of, and having actual control over, personal property is prima facie the owner thereof. Mariner v. Wasser, 17 N. D. 361, 138 Am. St. Rep. 714, 117 N. W. 343; Jones, Ev. § 74c; Bean v. Loftus, 48 Wis. 371, 4 N. W. 334.

·A final judgment does not become such until entered in the judgment book, and has no force or effect until entered by the clerk in the judgment book. Re Weber, 4 N. D. 119, 28 L.R.A. 621, 59 N. W. 523.

It is settled that, where property is in the possession of a third person claiming title, the officer must show something more than process fair on its face. 3 Elliott, Ev. § 2603; Carson v. Fuller, 11 S. D. 502, 74 Am. St. Rep. 823, 78 N. W. 960.

Where the officer claims to have acted under process of execution, and the judgment on which it issued, such judgment must be valid to afford protection to the officer. Bugbee v. Lombard, 88 Wis. 271, 60 N. W. 414; Bean v. Loftus, 48 Wis. 371, 4 N. W. 334; Bogert v. Phelps, 14 Wis. 89.

No one but a creditor can question the title of the fraudulent vendee of property, and hence the officer must show that the relation of debtor and creditor exists between the party against whom the attachment or execution runs, and the person in whose behalf it issued. 35 Cyc. 1, 747, 748; Howard v. Manderfield, 31 Minn. 337, 17 N. W. 946; Homberger v. Brandenberg, 35 Minn. 401, 29 N. W. 123; 20 Enc. Pl. & Pr. 153; Hakanson v. Brodke, 36 Neb. 42, 53 N. W. 1033; 25 Am. & Eng. Enc. Law, 702; Pitkin v. Burnham, 55 L.R.A. 280, and note, 62 Neb. 385, 89 Am. St. Rep. 763, 87 N. W. 160; Trowbridge v. Bullard, 81 Mich. 451, 45 N. W. 1012; Mathews v. Densmore, 43 Mich. 461, 5 N. W. 669; Oberfelder v. Kavanaugh, 21 Neb. 483, 32 N. W. 295; 2 Cooley, Torts, 3d ed. p. 889; Smith v. Healey, 121 N. Y. Supp. 230; McCune v. Peters, 54 Misc. 165, 105 N. Y. Supp. 896; Albie v. Jones, 82 Ark. 414, 102 S. W. 222, 12 Ann. Cas. 433; Black, Judgm. § 170.

The application for a new trial on newly discovered evidence is regarded with suspicion and examined with caution. 14 Enc. Pl. & Pr. 790; Moore v. Philadelphia Bank, 5 Serg. & R. 41; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Mackin

v. People's Street R. & Electric Light & P. Co. 45 Mo. App. 82; Baker v. Joseph, 16 Cal. 173.

The rule is settled that a new trial will not be granted upon the ground of newly discovered evidence unless the same is of such a character as will probably change the result. Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Libby v. Barry, 15 N. D. 286, 107 N. W. 972.

Such evidence must be material. Libby v. Barry, 15 N. D. 287, 107 N. W. 972; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762.

Evidence which was known to a party or his attorney is not newly discovered evidence. 14 Enc. Pl. & Pr. 792.

A party is chargeable with knowledge of all facts known to his attorney which are connected with the cause or matter in reference to which the relation exists. 3 Am. & Eng. Enc. Law, 320; 4 Cyc. 933; Bates v. A. E. Johnson Co. 79 Minn. 354, 82 N. W. 649; Smith v. Ayer, 101 U. S. 320, 20 L. ed. 955; Camas Prairie State Bank v. Newman, 15 Idaho, 719, 21 L.R.A.(N.S.) 703, 128 Am. St. Rep. 81, 99 Pac. 833; Greenlee v. McDowell, 39 N. C. (4 Ired. Eq.) 481.

Due diligence must have been used to discover the evidence before the trial. If his diligence is even doubtful, he will not succeed. 14 Enc. Pl. & Pr. 798, 799, and cases cited; Comp. Laws 1913, § 7660; Longley v. Daly, 1 S. D. 257, 46 N. W. 250; 29 Cyc. 889, and cases cited; Demmon v. Mullen, 6 S. D. 554, 62 N. W. 380; Goose River Bank v. Gilmore, 3 N. D. 188, 54 N. W. 1032; Arnd v. Aylesworth, 136 Iowa, 297, 111 N. W. 407; Robins v. Modern Woodmen, 127 Iowa, 444, 103 N. W. 375.

Negligence of counsel is negligence of party. 14 Enc. Pl. & Pr. 799; Thompson v. Welde, 27 App. Div. 186, 50 N. Y. Supp. 618; Yates v. Monroe, 13 Ill. 212.

And the employment of another attorney does not excuse the lack of diligence. McBride v. McClintock, 108 Iowa, 326, 79 N. W. 83; 29 Cyc. 891.

Party knowing the facts, but not disclosing them to counsel, is not excused. Blair v. Paterson, 131 Mo. App. 122, 110 S. W. 615; Kraus v. Clark, 81 Neb. 575, 116 N. W. 164.

Forgotten evidence is not new evidence. Gregory v. Gregory, 129 Ill. App. 96; Brown v. Newell, 132 App. Div. 548, 116 N. Y. Supp.

965; Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250; Robins v. Modern Woodmen, 127 Iowa, 444, 103 N. W. 375.

Where counsel did not know of the facts before the former trial, but they should have been known to the client, affords no excuse. Haner v. Furuya, 39 Wash. 122, 81 Pac. 98.

Nor where any sort of diligence would have produced the evidence before. Renshaw v. Dignan, 128 Iowa, 722, 105 N. W. 209; Grand Rapids Electric Co. v. Walsh Mfg. Co. 142 Mich. 4, 105 N. W. 1; King v. Hill, — Tex. Civ. App. —, 75 S. W. 550; Bushwell v. Bushwell, 146 Iowa, 52, 124 N. W. 770.

Letter which had been in party's possession all the time not ground for new trial. Coker v. Oliver, 4 Ga. App. 728, 62 S. E. 483; Newbury v. Great Northern R. Co. 109 Minn. 113, 122 N. W. 1117.

Failure to make proper inquiry is want of diligence. Benjamin v. Flitton, 106 Iowa, 417, 76 N. W. 737.

That evidence was discovered by the use of systematic inquiry after the trial indicates that proper diligence was not exercised before. 29 Cyc. 892, and cases cited; Scott v. Hobe, 108 Wis. 239, 84 N. W. 181; Burlington & M. River R. Co. v. Kittredge, 52 Neb. 16, 71 N. W. 986.

Affidavit of applicant must show of whom inquiry was made. Smith v. Wagaman, 58 Iowa, 11, 11 N. W. 713.

Failure to examine witness at trial is want of diligence. 29 Cyc. 896, and cases cited.

And where the same witness was used upon the trial, the showing must, indeed, be strong, to warrant a new trial. Marengo Sav. Bank v. Kent, 135 Iowa, 386, 112 N. W. 767; Buswell v. Buswell, 146 Iowa, 52, 124 N. W. 770; Houston & T. C. R. Co. v. Davenport, — Tex. Civ. App. —, 110 S. W. 150.

Legal diligence requires that a witness be examined fully and specifically as to his knowledge of all matters in controversy. 29 Cyc. 897, and cases cited; George v. Emery, 18 Wyo. 352, 107 Pac. 1; Brennan v. Goodfellow, — Iowa, —, 96 N. W. 962.

If the affidavits offered in support of the motion are rebutted by counter affidavits, a new trial will be refused. Deindorfer v. Bachmor, 12 S. D. 285, 81 N. W. 297; Barber v. Maden, 126 Iowa, 402, 102 N. W. 120.

While the granting of a motion for new trial is largely in the discretion of the trial court, yet where the movent shows no diligence, and the contrary appears by affidavits, it is an abuse of discretion to grant the motion. 29 Cyc. 892; Mowry v. Raabe, 89 Cal. 606, 27 Pac. 157.

And on the question of diligence the affidavits of both client and attorney are necessary. 14 Enc. Pl. & Pr. 823–825.

And the particular acts and facts must be set forth, so that the court may decide properly upon the question of diligence. 14 Enc. Pl. & Pr. 824; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Margolius v. Muldberg, 88 N. Y. Supp. 1048; Nicholson v. Metcalf, 31 Mont. 276, 78 Pac. 483; B. S. Flersheim Mercantile Co. v. Gillespie, 14 Okla. 143, 77 Pac. 183; Levy v. Hatch, 92 N. Y. Supp. 287; Chicago & A. R. Co. v. Raidy, 203 Ill. 310, 67 N. E. 783, 14 Am. Neg. Rep. 269; Bertram v. State, 32 Ind. App. 199, 69 N. E. 479.

*Maddux & Rinker,* for respondent.

Irregularity of the prevailing party, which ordinary prudence could not have guarded against, preventing a fair trial, will support the order for a new trial. Their regularity of which complaint is here made, and as practised by appellant, consists in the addition of very material matter to the indorsement of the notes. This amounts to surprise and fraud on the defendant. Peers v. Davis, 29 Mo. 184; Fretwell v. Laffoon, 77 Mo. 26.

Where the prevailing party introduces false testimony and thus succeeds, it is ground for a new trial. First Nat. Bank v. Wabash, St. L. & P. R. Co. 61 Iowa, 700, 17 N. W. 48; Cleslie v. Frerichs, 95 Iowa, 83, 63 N. W. 581; Freeman, Judgm. 100; McGuire v. Drew, 83 Cal. 225, 23 Pac. 312; Schellhous v. Ball, 29 Cal. 605; Doyle v. Sturla, 38 Cal. 456; Butler v. Vassault, 40 Cal. 74; Green v. Bulkley, 23 Kan. 130; Freeman v. Wood, 14 N. D. 95, 103 N. W. 392; Gilbraith v. Teufel, 15 N. D. 152, 107 N. W. 49; Slater v. Drescher, 72 Hun, 425, 25 N. Y. Supp. 153; Hinton v. McNeil, 5 Ohio, 509, 24 Am. Dec. 315.

"If the new evidence tends to establish a new fact, not in dispute at the trial, such evidence is not cumulative, merely because it tends to establish the same defense." 14 Enc. Pl. & Pr. 819, and citations; 15 Enc. Pl. & Pr. 821, and citations.

Granting new trial on ground of newly discovered evidence is within the discretion of the trial court, and its order will not be disturbed unless abuse clearly appears. Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Alderson v. Larson, 28 S. D. 369, 133 N. W. 809; Libby v. Barry, 15 N. D. 286, 107 N. W. 972; Citizens' Bank v. Schultz, 21 N. D. 551, 132 N. W. 134.

Goss, J. Plaintiff appeals from an order granting defendant a new trial, after a verdict for plaintiff on the merits. The defendant, as sheriff, levied upon $500 paid by one Hewes, mortgage or, in satisfaction of a real estate mortgage given in 1902 to Oscar O. Irwin, mortgagee, and securing five promissory notes of $1,000 each. In August, 1912, these notes were sent to the Bank of New Rockford for collection. The total amount due, $2,293, was paid by Hewes. But before the money was remitted by the collecting bank it was levied upon as the property of Irwin, mortgagee, under a purported judgment in favor of one Nash, judgment creditor, against Irwin as judgment debtor. Seymour claims to own the notes and to have owned them since 1903, and denies that Irwin has any interest in them. Irwin also disclaims any interest or ownership in the notes or in their proceeds. Upon the back of each of the four notes in evidence appears the indorsement: "Pay to the order of Oscar O. Irwin and J. J. Seymour, Oscar O. Irwin;" and thereunder an indorsement: "Oscar O. Irwin without recourse." Upon the payment of the notes to the bank a satisfaction signed by Irwin was by it delivered to Hewes, no assignment of record of the mortgage ever having been made. The question of fact passed upon by the jury was whether Seymour was sole owner of these notes; or instead whether they were owned jointly by Seymour and Irwin, as would be inferred from only the first indorsement on said note. This action is brought by Seymour, who claims their entire and absolute ownership and consequently the $500 levied upon and a portion of the proceeds of the notes. The jury found for Seymour. A motion for new trial was then made upon affidavits of Hewes, E. R. Davidson, and H. C. Sexton, cashier and vice president respectively of the Bank of New Rockford, and the affidavits of defendant's attorneys, Maddux & Rinker,—all alleging facts concerning and tending to establish that the general indorsement, "Oscar O. Irwin without recourse," upon said

notes at and before the trial, had been placed thereon unknown to defendant or his attorneys, after the levy had been made on the money in the Bank of New Rockford; and that some time after said levy the attorney for Seymour had procured these canceled notes from Hewes, to whom they had been delivered by the bank upon their payment; that the four notes had been transmitted to the state of new York during said interval and while the deposition of Seymour had been there taken, and were returned with and attached to his deposition about February 4, 1914. That upon return, the deposition together with the notes and other papers attached, had been delivered to attorney Maddux by the clerk of court of Eddy county. That the indorsement in dispute was then upon said notes. That trial was had beginning February 12, 1914. That one set of depositions of both Seymour and Irwin had been taken May 16, 1913, at which time the notes were not used or present, they being at that time in the possession of Hewes. Both of said depositions were returned in May, 1913, preceding the trial in February, 1914, and during which interval they were on file in the clerk's office. In said depositions is a question asked by defendant's nonresident examining counsel of Seymour, "And he (Irwin) indorsed them to you without recourse?" Plaintiff asserts this shows knowledge in defendant in May, 1913, that the notes had been so indorsed. All of the depositions were offered in evidence on the trial. Under the first depositions, however, taken at considerable length, and at the taking of which opposing counsel appeared in defendant's behalf and cross-examined, certain admissions were made by plaintiff and Irwin touching the ownership of the notes and of the real estate for which they were given, disclosing that the notes were taken in Irwin's name in part payment of the purchase price of a farm and personal property in North Dakota, previously acquired and owned jointly by Seymour and Irwin. And it may be here remarked that the testimony taken before a referee of both these parties establishes a desire to conceal rather than to frankly state the facts of ownership and the consideration for the alleged sale of these notes or Irwin's interest therein to Seymour. They do not know what was paid, except both testify they got "satisfaction." They refuse to impart any knowledge on cross-examination, as to what was paid or received for the transfer and possession. Both persisted in being evasive, headstrong and foolish, assuming that there is merit in

plaintiff's case. Plaintiff himself was the worse offender, evidently either forgetting or disregarding the fact that he was under oath and giving sworn testimony, even though several times admonished by the referee. This is touched upon to show that there was a sufficient issue of fact to carry the case to the jury upon the question of whether Irwin still retained his joint interest in the notes and their proceeds. But returning to the affidavits used on motion for a new trial, they further disclose that Rinker examined the indorsements at or just before the notes were collected, and that the general indorsement of "Oscar O. Irwin without recourse" was not on them; that, though causing the levy upon the money as the property of Irwin, Rinker was not present at and took no part on the trial, and had no information concerning it, being elsewhere engaged; that he had not assisted in preparing the case for trial, and did not see the last deposition or the notes accompanying it until some days after the verdict, when he discovered for the first time the additional indorsement, "Oscar O. Irwin without recourse," was upon the notes. He also embodies in his affidavit a letter sent a few days after the levy to the bank in the state of New York which had transmitted the notes for collection to the Bank of New Rockford. In said letter is found the following: "We understand from the Bank of New Rockford that you claim that this is not the property of Irwin, but of another customer of yourself. Since levying upon this money, we have inspected the notes, and find that there is an assignment on the back thereof by Irwin, assigning them to himself and another party, but we find further that he gave a discharge of the mortgage, and that the mortgage had never been assigned to anyone in the records of the courthouse, and it is indeed a very unusual thing for any person to buy as large an amount of notes as this, secured by real estate mortgage, without getting an assignment of the mortgage, and on the face of the thing it appears to use that this money is still the property of Irwin, and we intend that if any person is claiming it that he shall establish his right thereto. . . . We are going to hold this money levied upon as the property of Irwin until it is decided by court that it is not his property." Rinker asserts that had the disputed indorsement been upon the notes when he wrote this letter he would have known and noticed it. The affidavit of attorney Maddux is that he was the attorney for defendant on trial; that he had no knowledge that the indorsement in

question had been affixed to the note after the levy and before he procured the notes a week before the trial, in preparation therfor, and that without such knowldge of these facts defendant was "concluded from securing and offering the proof of the facts herein stated," concerning the affixing of indorsement pending trial. "That plaintiff, through his fraudulent acts, as stated, misled and practised a fraud upon the court and upon defendant, and thereby knowingly gained and secured an advantage unfairly and fraudulently and knowingly, and premeditatedly prevented a fair trial of said action, and by reason of such fraudulent practice and conduct was enabled to recover the verdict and judgment herein stated, and not otherwise." The court in its instructions made reference to all the indorsements, and permitted the notes to be taken by the jury when deliberating upon their verdict. These affidavits in support of a new trial were met by those of Seymour and Irwin and plaintiff's counsel and his stenographer and the clerk of the district court, all denying that the notes had been altered after they had been paid, and after the levy had been made, and before trial by said indorsement in question. Upon these issues and facts, was it clearly an abuse of the discretion vested in the trial court to order a retrial is the question for determination. Appellant asserts that inasmuch as the indorsement was upon the note prior to the trial, and as counsel for the defendant had the notes and depositions in his possession for a week before and in preparation for trial, with one of defendant's counsel having personal knowledge as asserted by him, that at the time of the levy said indorsement was not upon the notes, that, therefore, the evidence cannot be held to be newly discovered evidence; and, further, that it is affirmatively shown that failure to notice and present this issue is because of a failure to use diligence to ascertain the facts or properly prepare the case for trial. That, with an absence of either proof of diligence or of newly discovered evidence, it was an abuse of discretion to grant a new trial.

"The statute provides that a new trial may be granted, among others, on the ground of 'newly discovered evidence material to the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.' It is conceded that a motion based upon this ground is addressed to the sound judicial discretion of the trial court. The discretion vested in a trial court in the determina-

tion of such motions is based on the theory 'that the judge who tries a case, having the parties, their witnesses, and counsel, before him, with opportunity to observe their demeanor and conduct during the trial, and note all incidents occurring during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had and substantial justice done than the appellate tribunal.' " Aylmer v. Adams, 30 N. D. 514, at 522, 153 N. W. 419. Again at page 531, it is said: "Diligence is a relative term, incapable of exact definition, and depends essentially upon the peculiar circumstances of each case. . . . And, in determining the question of whether or not the moving party used due diligence, all the circumstances, including the situation of the parties and the witness who will give the newly discovered evidence, will be considered." McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, 268; Malmsted v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690.

The trial court has held the evidence to be newly discovered, and excused defendant and his counsel from failure to discover the same before trial. The evidence is newly discovered, if it be assumed, as it must be, that there is reasonable probability of the fact of the indorsement having been added to the notes after the levy and before they were delivered to Maddux a week before the trial. That one of defendant's attorneys knew that at the time of the levy said indorsement was not upon the notes, and the other one of his attorneys had knowledge that, shortly before the trial, the indorsement was on said notes, does not necessarily, under the proof that neither one knew all of said facts from which the conclusion could be drawn that the indorsement had been placed on the note during said period, prevent the testimony from being newly discovered in fact subsequent to the trial. Had the same attorney had occasion to know the indorsements upon the notes at the time of the levy, and of the indorsements thereon at the time of the trial, it is doubtful if the testimony could be claimed to be newly discovered, because the fact would be otherwise. Such is not the case at bar, where the trial court has found that the evidence was newly discovered.

As for diligence in preparation for trial, courts should be slow to relieve from a want of it by granting new trials upon facts which should have been discovered before trial had due diligence been used. The discovery after verdict that these indorsments had been placd upon the

32 N. D.—33.

notes after levy might have an important bearing upon the fact of ownership. But defendant's counsel at the time might have observed said indorsement, but been wholly ignorant of when it was placed thereon, and have no particular reason to investigate as to whether it was thus tampered with or manufactured evidence. In fact, knowing the notes to be paid by the maker and produced as proof in this collateral action, he would have been justified ordinarily in assuming that all these indorsements were upon the notes before they were paid; and especially is this so under the testimony of both Seymour and Irwin that the notes were transferred years before to the former. Perhaps due diligence might have discovered when the indorsement was made, and perhaps not. There is sufficient doubt upon that question to leave undisturbed the finding of the trial court that due diligence was used.

There is much bitterness manifested between counsel, who have evidently taken the trial of this case as a matter personal to them. The briefs are full of charges and innuendoes, all of which is as unnecessary as it is unjustifiable. It should be said that, if any alteration of indorsements is shown, and it is very doubtful if the proof by inference largely is sufficient to establish alteration of indorsements over the positive proof to the contrary, no inference is made in this opinion that it was done by or with the knowledge of plaintiff's counsel. But as the trial court, familiar with all the proof, has found the same sufficient to warrant its submission to the jury with all the other facts in the case, we hesitate to declare it was an abuse of discretion so to do. Nevertheless the action of the trial court in granting new trial was the exercise of its discretion in defendant's favor to an extreme, and borders closely on the dividing line between sound exercise of discretion and an abuse thereof. Yet the issue is not altogether so clear as to warrant an appellate court in declaring it an abuse of discretion to grant a new trial. Had the discretion been exercised the other way, its order would likewise have been affirmed. The order appealed from is affirmed.