HENRY MUNSTER, Respondent, v. W. E. STODDARD, Appellant.

(170 N. W. 871.)

**Contracts — price of work — admissibility of evidence.**

1. Where, in an action on an express parol contract to perform certain threshing at an agreed price, there is a conflict between the parties as to which of two figures was the agreed price, evidence of the reasonable value of the work is admissible as bearing upon the probability of the one or the other being correct.

**Trial — instructions.**

2. The court's instructions to the jury should be considered and construed as a whole.

**Appeal and error — harmless error — instructions.**

3. Mere verbal inaccuracies or technical defects in instructions, which are not likely to have misled the jury to appellant's prejudice, constitute no ground for reversal.

**Appeal and error — ruling of motion for new trial — sufficiency of evidence — review.**

4. Where there is any substantial evidence to support a verdict, the granting or denying of a new trial on the ground of insufficiency of the evidence rests in the sound, judicial discretion of the trial court, and its ruling will not be disturbed unless an abuse of such discretion is clearly shown.

Opinion filed January 7, 1919.

Appeal from the District Court of Hettinger County, *Crawford,* J.

Defendant appeals from the judgment and an order denying a new trial.

Affirmed

*M. S. Odle,* for appellant.

Parties are, or should be, bound by their agreement, and therefore there is no ground for implying a promise when there is an express contract. Shaw v. Armstrong (Mich.) 50 N. W. 248.

It is error for the jurors to act upon their personal knowledge of any particular transaction involved in a case for their consideration. Douglas v. Ange (Iowa) 99 N. W. 550; Hydinger v. C. B. & Q. Co. (Iowa) 101 N. W. 746; Chicago, B. & Q. R. Co. v. Krayenbuhl, 59 L.R.A. 920, 91 N. W. 880; Sloss-Sheffield Steel Co. v. Hutchinson, 40 So. 114.

*Jacobsen & Murray,* for respondent.

Error in admission of evidence offered by one party is cured where

practically the same evidence is introduced by the adverse party. Mahler v. Beishline (Colo.) 105 Pac. 874; 38 Cyc. 1423, 1432; Nagle v. Fulmer (Iowa) 67 N. W. 368; Taylor v. Austin (Minn.) 20 N. W. 157; Missouri, O. & G. Ry. Co. v. Miller (Okla.) 145 Pac. 368; Williams v. Towl (Mich.) 31 N. W. 835.

CHRISTIANSON, Ch. J.  Plaintiff brought this action to recover $224.62, which he alleges is the balance due him for threshing defendant's grain in the fall of 1915. The complaint alleges that the threshing was performed under an agreement, under the terms of which the plaintiff agreed to perform such threshing at the following prices: "Wheat, 11 cents per bushel; oats, 6 cents per bushel; flax, 24 cents per bushel; and a certain portion of wheat at 9 cents per bushel, and a certain portion of wheat at 6 cents per bushel." The complaint further sets forth the number of bushels of the different kinds of grain. According to such averments the total amount due for such threshing, at the prices stated in the complaint, was $1,124.62. The complaint further alleges that defendant has paid only $900, leaving a balance of $224.62, still due and owing to the plaintiff.

The defendant in his answer denies the terms of the contract, and alleges that the plaintiff agreed to thresh the grain in question at the following prices, viz.: A certain portion of wheat at 10 cents per bushel, another portion at 8 cents per bushel, and still another portion at 6 cents per bushel; flax at 20 cents per bushel, and oats at 6 cents per bushel. The defendant also denies that plaintiff threshed the number of bushels of wheat and flax alleged in the complaint, and avers that the $900, which he paid to the plaintiff not only paid off and discharged the thresh bill, but actually overpaid the bill in the sum of $56.67, for which amount defendant asks judgment as upon a counterclaim. The defendant also counterclaims in the sum of $14, for certain potatoes and coal, which he claims to have furnished to, and certain services which he claims to have rendered for, the plaintiff. The cause was submitted to the jury which returned a verdict in favor of the plaintiff for the amount claimed in his complaint, less $14, the amount of defendant's second counterclaim. Judgment was entered pursuant to the verdict, and defendant appeals from the judgment and from the order denying his motion for a new trial.

The evidence shows that the plaintiff and defendant had two different conversations with respect to the threshing. The first conversation took place on defendant's farm; the second took place in Mott. Defendant testified that the agreement between them was made at the first conversation and that during this conversation the plaintiff agreed to thresh defendant's grain at the prices set forth in the answer. The plaintiff, however, positively denied that any agreement was made during the first conversation; and he testified that the agreement was actually made during the second conversation; and that plaintiff then agreed to thresh defendant's grain at the prices mentioned in the complaint. The defendant produced one witness who claimed that he was present at and heard the first conversation and his testimony tended to corroborate defendant's testimony as to what was said during that conversation. After the plaintiff had testified as to the prices agreed upon, he was permitted, over objection, to testify that the prices named were reasonable prices for threshing such grain. Defendant assails this ruling as erroneous. He contends that inasmuch as both parties were claiming under an express contract, it was error to admit testimony bearing upon the reasonable value of the services. It is true there can ordinarily be no recovery upon an implied contract in a suit based upon an express contract; but the plaintiff in this case did not seek to recover upon an implied contract, and his testimony as to value clearly was not offered for that purpose. While in a suit upon an express contract there can be no recovery as upon an implied contract, it does not necessarily follow that all evidence relating to the reasonable value of the services, or the property involved in such contract, is inadmissible. It is true such testimony may not be admitted for the purpose of proving a contract different from that alleged in the complaint, but such evidence is generally deemed to be admissible "for the purpose of showing the likelihood of whether a contract was entered into, or to establish what the price actually fixed on was." 13 C. J. 774. And although there is some conflict, the great weight of judicial authority sustains the rule that where the parties to an express contract for services are in dispute as to the compensation fixed by the contract, evidence of the value of the services is admissible as bearing upon the probabilities of the case. That is, such evidence is admissible for the reason that it affords some reasonable aid to the

jury in determining which of the conflicting statements is more likely to be true.  See Edelen v. Herman, L.R.A.1915C, 1208, and authorities collated in the note appended to this opinion.

It may also be mentioned that in the case at bar the defendant and his witnesses were permitted to testify without objection as to the prices charged by others for threshing similar grain in that vicinity in the fall of 1915.

The court instructed the jury:  "Now, after you determine what the contract was between these parties, if any,—*Now, if there is no contract then the reasonable value, and under this complaint here both sides allege a contract.*  The plaintiff alleges the contract was six, eleven and twenty-four and the defendant alleges that the contract was six, ten and twenty.  Then it will be necessary for you, gentlemen of the jury, to determine what was the contract between these parties."

The defendant predicates error upon that portion of the foregoing instruction, which we have italicized.  It will be noted that the instruction complained of is merely a portion of an instruction.  In considering the correctness of instructions, the charge should be considered and construed as a whole.  McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141; Soules v. Northern P. R. Co. 34 N. D. 7, L.R.A.1917A, 501, 157 N. W. 823.  It appears that the court at the outset instructed the jury that the first question to determine was the matter of the contract.  Shortly before the instruction complained of was given, the jury was instructed: "If the plaintiff entered into a contract with the defendant to thresh for a certain price why he is bound by such agreement, and he is compelled to thresh for the price agreed upon, *irrespective of other considerations.*"  The instructions in this case were oral.  It is not at all improbable that when the court used the words, "Now, if there is no contract, then the reasonable value," that he was about to instruct upon the right to recover as upon an implied contract.  But when he got that far he apparently recalled that the suit was one upon express contract; that both parties claimed there was an express contract.  He thereupon proceeded to state that "here both sides allege a contract," and then recited the contentions of the parties as to the terms of the contract, and concluded by saying, "It will be necessary for you,

gentlemen of the jury, to *determine what was the contract* between these parties."

Defendant also contends that the court, in effect, charged the jury that in deciding the case they might take into consideration their own personal knowledge of the particular transaction involved in this action. Again, defendant has singled out a portion of an instruction. We do not believe that the instruction, considered as a whole, is susceptible of, or that the jury could have attributed to it, the meaning contended for by appellant. The language complained of was contained in an instruction wherein the jury were told that they were "the sole and exclusive judges of the credibility of the witnesses, and the weight to be given to their testimony," and that they had a right to take their knowledge and information into consideration in weighing the evidence. We are not prepared to say that the instruction as given was entirely perfect; but we have no hesitancy in holding that, upon the record in this case, there is no showing that it was prejudicial. It has not been shown that a single juror had any personal knowledge of the particular transaction involved in this case. It must be assumed that they were qualified, and examined as to their qualifications before they were accepted and sworn as jurors. It will be apparent from the statement of the contentions of the respective parties heretofore made, that the principal issue in this case was one of veracity. If the plaintiff told the truth he was entitled to recover the prices which he claimed, and if the defendant told the truth plaintiff was not entitled to recover at all, but had in fact been overpaid. In view of this, it is inconceivable that the jury could have been misled, or the defendant prejudiced by the instruction complained of. It should be remembered that "courts of error do not sit to decide moot questions, but to redress real grievances." And "that no judgment will be reversed on account of the giving of erroneous instructions, unless it appear probable that the jury were misled by them." Thomp. Trials, § 2401.

Defendant also contends that the court should have granted his motion for a new trial on the ground that the verdict is contrary to the evidence. It is contended: (1) "That the evidence conclusively shows that the plaintiff agreed to thresh" defendant's grain at the prices testified to by the defendant; and, (2) "that the evidence conclusively shows that after the threshing was done the parties hereto

agreed to take elevator weights for the number of bushels of macaroni wheat instead of the machine weights, and the jury returned a verdict allowing the plaintiff the machine measures and weights."

The first contention has already been noticed. As already stated there was a square conflict between the parties as to the prices agreed upon. It was for the jury to say which one of them told the truth.

With respect to the second contention there is also a conflict in the evidence. Plaintiff says that when he presented his bill to defendant, and defendant complained of short weights, he (plaintiff) stated that if defendant would haul the grain at once he would accept the elevator weights for the macaroni wheat. It appears, however, that defendant did not haul the wheat until next winter and spring. In the meantime it was lying in bins covered with hay or straw. The defendant admitted that he hauled none of the grain himself, and that his testimony as to the amount of grain was based solely upon the information given him by the men who hauled the grain and the weight slips which they delivered to him. And for a considerable portion of the grain he was unable to state the gross elevator weights, but could state only the net weights,—i. e., the weights after the deduction of the dockage. The man who operated the separator testified as to the number of bushels threshed, according to the machine weigher. He also testified as to the operation and testing of the weigher. The plaintiff testified that when defendant complained of short weights, he (plaintiff) voluntarily made a deduction of 500 bushels of wheat, and that this deduction is allowed in the complaint herein. The testimony of the plaintiff and the man who operated the separator, if true, showed that plaintiff had threshed not only the number of bushels he claimed in the complaint, but 500 bushels more.

The jurors who heard the testimony and saw the witnesses in this case by their verdict said they believed the plaintiff's version of the matters in dispute between the plaintiff and defendant. The trial judge, who also heard the testimony and saw the witnesses, as well as the jurors and attorneys, and was familiar with all the incidents of the trial, by his order denying a new trial said in effect that he was aware of no justifiable reason for granting a new trial. It is well settled that where there is any substantial evidence to support a verdict, the granting or denial of a new trial on the ground of insuffi-

ciency of the evidence rests in the sound judicial discretion of the trial court, and the ruling will not be disturbed unless a clear abuse of discretion is shown. Hayne, New Tr. & App.' § 97; Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690. This judicial discretion should be exercised in the interest of justice, and it is presumed to have been so exercised. In this case no abuse of discretion has been shown. The judgment and order appealed from must be affirmed. It is so ordered.