Peters v. McVey.

---

\*O. G. PETERS et al., Appellants, v. R. E. McVEY, Appellee.

No. 10,608.

HEADNOTE BY THE REPORTER.

MATURITY OF DEBT—When Question for Jury. When the written contract is vague and uncertain as to when the indebtedness matures, oral evidence relating thereto is competent, and the maturity of the debt becomes a question for the jury.

Appeal from Montgomery district court. Opinion filed April 9, 1898. Affirmed.

J. B. Ziegler, for the appellants.

Albert L. Wilson, for the appellee.

Per Curiam: Action by the appellant to recover from R. E. McVey $3124.75, alleged to be due for merchandise purchased from them by McVey.

McVey admitted the indebtedness, but alleged it was not due at the time the action was brought.

The jury found that the debt was not due when the action was brought, and the notes which were taken by the plaintiffs from the defendant were accepted as payment of the amount sued on. There appears to be sufficient testimony to sustain this finding. It does not appear that the entire contract of the parties was in writing, and so far as it is in writing it is vague

\* NOTE.—This case was not reported in full when the case was filed (see 59 Kan. 775), and is reported here because it is cited in the case of Evans v. McElfresh, ante, p. 389.

and uncertain. The testimony of the defendant was, therefore, admissible as to what the contract between the parties was, and many of the facts and circumstances in the case tend to support the testimony of the defendant and the finding of the jury.

There is nothing substantial to the objections made to the rulings upon the testimony, and we think the instructions of the court fairly presented the case to the jury.

The judgment of the district court is affirmed.