No. 18,877.

M. N. BAIR, *Appellant,* v. SCHOOL DISTRICT No. 141 OF SMITH COUNTY, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONTRACT—*Plans and Specifications for Schoolhouse—Contract Silent as to Cost of Building—Parol Evidence Admissible to Show Understanding of Parties.* A contract was entered into by an architect and a school board, by which the architect agreed to furnish plans and specifications for a "Brick 2-Story School Building, as approved by Owner," for which the school board agreed to pay a certain per cent of the cost of the building. Nothing is said in the contract concerning the cost of the building. Evidence was admitted to show that it was the understanding of the parties that the building should cost not to exceed ten thousand dollars. This was not error.

2. SAME—*When Architect is Not Entitled to Compensation.* Where plans and specifications for a school building are approved by a school board, conditioned upon the board's letting a contract for the erection of the building for a sum not exceeding ten thousand dollars, and the board is unable to let such a contract for that sum or less, the architect preparing such plans is not entitled to compensation.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed February 6, 1915. Affirmed.

*F. W. Mahin, I. M. Mahin,* both of Smith Center, and *W. E. Mahin,* of Osborne, for the appellant.

*E. S. Rice,* and *W. S. Rice,* both of Smith Center, for the appellee.

Bair v. School District.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover upon a contract, the material parts of which, so far as this case is concerned, are as follows:

"This agreement, made and entered into this 23rd day of February, A. D. Nineteen Hundred and Eleven, by and between M. N. Bair, Hastings, Nebraska, Architect, party of the first part, hereinafter known as the Architect, and School District 141, Smith County, State of Kansas, Owner, party of the second part, hereinafter known as the Owner.

"WITNESSETH : That the said Architect, for and in consideration of the payments to be made to him by the said Owner as hereinafter provided, does hereby covenant and agree to prepare Plans and Specifications for a Brick 2-Story School Building, as approved by Owner. The Architect to make necessary visits at intervals. The said work to be done in a skillful and business-like manner. Said owner, for and in consideration of said Architect strictly performing the covenants and agreements, above specified, by and at the times mentioned, do hereby agree to pay to the said Architect a sum equal to (3-½) three and one-half per cent of the cost of Building. To be paid as follows: ($50) Fifty Dollars in hand 50 per cent when contract is let. Balance when completed and accepted by District. . . .

"It is agreed that all drawings, specifications, etc., as instruments of service, and [are] the property of the Architect and are to be returned to him after having answered the purpose for which they were made, or upon demand of the Architect."

The answer alleges that the plans and specifications to be furnished by the plaintiff were to be for a building that could be let by a contract for a total not exceeding $10,000, and that the plaintiff further agreed, at the same time, to have the plans and specifications approved by the state architect, as provided by law. The answer further alleges that neither of these agreements was ever complied with. It also alleges that it was understood and agreed that the plans and specifications would not be approved by the de-

10—94 KAN.

fendant until a contract was let for the construction of a building, under the plans to be furnished by the plaintiff, costing not more than $10,000; and that the plans and specifications were never approved by the school board.

Plans were prepared, and bids were advertised for, but no bid was submitted for less than $14,000 for the building, with a heating plant. The plaintiff contends that the plans were approved by the defendant without qualification. The evidence to support this contention is, that bids were advertised for upon the plans prepared by him; that the defendant never returned the plans to him, after declining to build according to them; and that the defendant received twenty-five dollars deposit from a man in Marysville, Mo., for the use of the plans in preparing a bid on a building. This money was received according to the plaintiff's instructions. There is no evidence to show that the defendant specifically approved the plans. The evidence of the defendant tends to show. that there was an understanding that the plans were to be for a building to cost $10,000 or less; that the approval, such as there was, was conditioned upon the ability of the defendant to let a contract for the erection of the building for $10,000 or less; that the defendant could not do this; that upon its failure to let the contract for $10,000, the plaintiff was notified of such failure and requested to prepare new plans; this he did not do. Other plans, furnished by other architects, were adopted and followed. There is plenty of evidence to show that such approval as there was of the plans was conditioned on the ability of the defendant to let a contract for the construction of the building for a sum not to exceed $10,000. This does not contradict or vary the terms of the contract in any way. It does render the contract definite and certain.

The jury found in favor of the defendant. Judg-

ment was rendered on the verdict, and the plaintiff appeals. His principal contention is that the contract is definite and certain, and that evidence was erroneously admitted contradicting or varying the terms: He complains of instructions five and six which read as follow:

"5. If it was the understanding and agreement between the plaintiff and the school board that the plans to be drawn by the plaintiff, should be for a building not to cost over $10,000.00, and the plaintiff undertook to draw the plans for a building, which should not cost more than $10,000.00, and the plaintiff failed to furnish plans for a school building that would not cost over the said $10,000.00, the defendant school district would not, in such case, be bound to accept such plans, nor in such case would defendant be liable for the services of the plaintiff in drawing such plans, unless the school board accepted or made use of such plans.

"6. If the plaintiff undertook to draw the plans for a building not to cost over $10,000.00 and failed to do so, the defendant would, for that reason, have a right to reject such plans, and if you find such to be the case and that the plans were rejected for such reason, the fact, if it is a fact, that the building was let to other parties on other plans for a different sum than $10,000.00, would make no difference in their right under such circumstances to refuse payment for such plans."

These refer to the understanding concerning the cost of the schoolhouse. The contract provides that the "Architect" shall prepare plans and specifications for a brick two-story building as approved by the "Owners." What is to be the size of the building? How high shall the building be? How is it to be finished? *How much is it to cost?* There must be something outside the contract to determine these questions. The plaintiff must have had instructions outside the contract with which to undertake to comply, in the preparation of his plans. One of these instructions must have been concerning the cost of the building, and the outside agreement or understanding between these parties

concerning the cost of the building does not contradict or vary the terms of this contract. Such an understanding merely supplies an omission in the contract, which omission must be supplied before the contract can be complied with. In *Evans v. McElfresh,* 85 Kan. 389, 116 Pac. 612, this court said:

"Where a writing is incomplete and shows on its face that all the stipulations between the parties were not included in it, parol proof of the omitted parts of the contract which are not repugnant to or inconsistent with the written portions may be introduced to supplement that which is written." (Syl.)

The court, in that case, cited and quoted from *Shepard v. Haas,* 14 Kan. 443; *St. L. L. & W. Rly. Co. v. Maddox,* 18 Kan. 546; and *Peters v. McVey,* 85 Kan. 393, 52 Pac. 896. In *Bank v. Brigham,* 61 Kan. 727, 60 Pac. 754, this court said:

"Where the phraseology of an instrument is doubtful or ambiguous, meaning can be given to it by showing the inducing causes to the making of it and the facts and circumstances surrounding its execution and involving the parties to it; and generally, evidence not contradictory of the language of an instrument but explanatory of the purpose and object of the parties in executing it will be received." (p. 729.)

(See, also, *Babcock v. Deford,* 14 Kan. 408; *Polk v. Anderson,* 16 Kan. 243; *Schoen v. Sunderland,* 39 Kan. 758, 18 Pac. 913; *Cattle Co. v. Guthrie,* 56 Kan. 754, 44 Pac. 984.)

The instructions complained of were properly given, in order to enable the jury to come to a correct conclusion upon the issues.

The plaintiff complains of instruction No. 7. This concerns the visits to be made by the architect. The contract provides that the architect shall make necessary visits at intervals. What are necessary visits? Some evidence was introduced on the understanding of the parties as to this matter. This was admissible, the same as evidence concerning the understanding of the parties as to the cost of the school

building. This question was within the issues, and instruction No. 7 was properly given.

The plaintiff complains of the refusal of the court to give instruction No. 1, as requested by him. It was substantially given in the court's instruction No. 8.

Complaint is made of the court's refusal to give requested instruction No. 2. This concerns an allegation of fraud or mistake set out in the answer. The court, instead of giving this instruction, instructed the jury that no fraud or mistake had been shown in the making of the contract. This contention is for that reason without foundation.

The plaintiff complains of the refusal of the court to give instruction No. 3, as requested by him. This concerns the rescission of the contract. Rescission was not contended for. The instruction was immaterial.

The judgment is affirmed.

PORTER, J. (dissenting) : I do not believe the authorities cited in the opinion support the decision. An examination of the facts upon which those cases turned will show that the writing was in most cases a mere memorandum, which on its face required explanation. The decision in the present case goes further than any this court has ever made, and permits oral evidence to add to, modify and contradict the terms of a written instrument by showing the intention of the parties to have been different from what is expressed in the writing. It is directly opposed to the following Kansas cases, and others: *Miller v. Edgerton,* 38 Kan. 36, 15 Pac. 894; *Ehrsam v. Brown,* 64 Kan. 466, 67 Pac. 867; *Rose v. Lanyon,* 68 Kan. 126, 74 Pac. 625.

The answer specifically alleged that "It was understood and agreed to by both plaintiff and defendant that the plans and specifications would not be approved by defendant until a contract was let for the construction of a building under the plans, to be furnished by the plaintiff, costing not more than ten thousand dollars." The first paragraph of the syllabus in the opin-

ion states that the admission of evidence showing what the cost of the building was to be was not error. Conceding that to be true, the decision goes further, and holds that it was not error to admit oral evidence showing the agreement set up in the answer. There is no ambiguity whatever in this contract in connection with the word "approved." The decisions cited in the opinion only go to the extent of saying that where a contract is on its face ambiguous and uncertain, oral evidence may be introduced in explanation of the ambiguous and uncertain terms.

I am authorized to say that Justice WEST concurs in this dissent.