### 9037. LAMBRIGHT v. EVERETT.

1. The written contract between the parties, fairly construed, did not limit the architect, in drawing the plans and making the specifications for the building, to any fixed sum as to the cost of the building. For this reason the portions of the demurrer which set up that the plaintiff had failed to allege compliance with his contract, and that the petition set forth no cause of action, were properly overruled. There was no merit in the other grounds of the demurrer.

2. The special grounds of the motion for new trial, when considered with the record in the case, do not show any error committed by the trial court which would authorize the grant of a new trial.

3. The evidence, while sharply in conflict, authorized the verdict, and the court did not err in overruling the general grounds of the motion for a new trial.

DECIDED DECEMBER 14, 1917.

Complaint; from Fulton superior court—Judge Bell. April 20, 1917.

Everett, an architect, sued Lambright upon a contract the material portions of which are as follows: "That the said Dr. W. E. Lambright has employed the said A. F. N. Everett to prepare working plans and specifications for apartments according to sketches already submitted and accepted with changes; that the said A. F. N. Everett agrees to do all the work in making plans and specifications for the sum of 3% of approximated cost, viz., $30,000.00. Should Dr. W. E. Lambright wish the said Everett to supervise the construction, he agrees to pay an additional sum for such supervision of 2% on the cost of building completed."

The petition alleged that the defendant was indebted to petitioner in the sum of $900, by reason of the fact that plaintiff and defendant had entered into said contract, "by virtue of which the plaintiff furnished to the defendant drawings and specifications for an apartment-house to be erected by the defendant, for which the defendant agreed to pay the sum of nine hundred dollars ($900.00)." The petition did not anywhere allege that the drawings and specifications prepared by the architect contemplated the erection of an apartment-house to cost approximately $30,000, nor was there any allegation as to the estimated cost of erecting the apartment-house according to the drawings and specifications submitted. The defendant demurred both generally and specially to the petition, and the demurrer, was overruled. One ground of it is substantially as follows: Plaintiff is suing on a contract which shows on its face that no liability rests upon defendant to pay according to its terms until plaintiff has fulfilled his part thereof, and it does not appear from the petition that the plaintiff has fulfilled his part of the contract. It was insisted that the petition was defective because the plaintiff failed to allege that his working drawings and specifications called for a building costing $30,000, or approximately that sum. The defendant further demurred on the ground that the petition set forth no cause of action, and on other grounds which are noted in the opinion.

*Foster & Stockbridge,* for plaintiff in error.

*Bachman & Simmons,* contra.

HARWELL, J. (After stating the foregoing facts.)

1. Paragraphs 1 and 3 of the demurrer deal with the same question. The trial judge sustained paragraph 1 of the demurrer, with leave to amend, and the plaintiff so amended his petition

as to cure the defect pointed out in these paragraphs of the demurrer. Paragraph 4 of the demurrer takes exception to the petition upon the ground that the contract annexed thereto is too vague, indefinite, and uncertain in its terms to be capable of enforcement; and paragraph 5 is based upon the ground that the contract does not show the place of performance. There is no merit in these grounds of the demurrer, and the court did not err in overruling them.

Paragraphs 2 and 6 of the demurrer present the same question; that is, whether a cause of action is set out; since the plaintiff does not allege that he prepared plans and specifications for a building to cost thirty thousand dollars, or approximately that sum. It is insisted by the defendant that the written contract fixes the cost of the building at approximately $30,000, that it was the duty of the architect to prepare plans and specifications for a building to cost approximately this sum, and, as he failed to allege in his petition that he had done this, that he did not allege compliance with his part of the contract. It is true that he must allege compliance with his part of the contract before he can recover his fees for his services. It will be noted that the clause in which the phrase, "approximated cost, viz., $30,000," is used is in connection with the fixing of the architect's fees. The clause preceding this deals with the preparation of the plans and specifications, and provides that he is to prepare working plans and specifications for apartments according to sketches already submitted and accepted with changes. We do not think that the written contract specifically limits the architect to plans and specifications for apartments costing approximately $30,000. These plans were to be prepared according to sketches submitted and accepted. These sketches might or might not call for a building costing approximately $30,000. They were doubtless preliminary sketches, and would not of themselves fix the cost. The cost would largely depend upon the material of which the building was to be constructed. Preliminary sketches are generally designed to give an idea of the general appearance of the building and its size. The specifications contain all the details of the construction, setting forth minutely the material to be used in every part of the building. It is well known that the cost of the building can not be definitely fixed until the specifications are prepared. Under the contract in the instant case the only obligation placed upon the

architect is to prepare plans and specifications according to such sketches. These sketches not being set forth or attached to the contract, it is of course impossible to determine from the contract itself as to the size of the building, or to gather from the contract any idea as to the approximate cost, except from the expression used in fixing the architect's fees. We think that a fair construction of the contract is that the use of the expression, "approximated cost, viz., $30,000," was simply for the purpose of fixing the fees of the architect, and not for the purpose of fixing the cost of the building; and that by the use of this expression in the clause which deals with the architect's fees it was not the intention of the parties to fix the cost of the building, and to limit the architect, in drawing his plans and making his specifications, to a cost approximating that sum and no more. For these reasons we think that the court did not err in overruling paragraphs 2 and 6 of the demurrer. The petition alleged compliance by the architect, by alleging that "plaintiff completed said plans and specifications and delivered same to the defendant."

2. Ground 1 of the amendment to the motion for new trial complains of the court's refusal to permit certain questions to be asked of the plaintiff, on cross-examination, as to the agreement about the cost of the building. By examination of the brief of evidence it appears that the trial judge, after making the ruling complained of, receded from it and admitted testimony along this line. Everett was permitted to testify on cross-examination exhaustively as to the purported agreement between himself and Lambright, fixing the cost of the building at $30,000. We think, therefore, that this error, if such, was cured by the subsequent ruling admitting the testimony of Everett as to this agreement.

3. Ground 2 of the amendment to the motion complains of the failure of the court to admit in evidence a proof of a claim by Everett, the plaintiff, in a bankruptcy court in another matter. While this proof of claim, as shown by the record, refers to Lambright's specifications, it does not show that these plans and specifications were identical with those prepared by Everett for Lambright in the present case; and for this reason this testimony would not be relevant and was properly excluded.

4. Ground 3 complains of certain excerpts from the charge of the court on the alleged agreement between the parties as to the

cost of the building. When this excerpt is taken in connection with the whole charge, there is no merit in the complaint. The court fully and fairly submitted to the jury this issue between the parties.

5. Ground 4 insists that the court in construing the contract held that it was unambiguous, and thereby erred; and that the court erred in refusing to allow the defendant to introduce evidence to show that $30,000 was the approximate cost of the building agreed upon. Considering this ground with the entire record, it is very apparent that this ruling, if there was such, was harmless to the defendant because of the fact that the court admitted parol evidence on his behalf to show an agreement between the parties that the cost of the building was to be $30,000, and that the plans and specifications, as drawn by Everett, were not in accord with this agreement, but called for a building costing a much larger sum. This question was fully and fairly submitted to the jury in the charge of the court. The trial judge instructed the jury that if there was such an agreement between the parties, and if the plans and specifications did not provide for a building costing approximately $30,000, the plaintiff would not be entitled to recover. For that reason the defendant was given full recognition by the trial judge of this insistence on his part, and the issue was fully and fairly submitted to the jury, which decided against him on this issue. In fact the pressure of the case was on this proposition, and it was the main question at issue.

6. The fifth special ground of the motion for new trial complains of the refusal of the court to instruct the jury, as requested, that if the building cost $40,000 according to the plans and specifications prepared by Everett, it would not be a compliance on the part of Everett with his contract, and the plaintiff would not be entitled to recover. The court did not err in refusing to charge as requested. It would clearly be error for the court to tell the jury that $40,000 was not approximately within the agreed cost of the building. That was distinctly a matter for the jury to determine.

This disposes of all the special grounds of the motion for a new trial. As to the general grounds, the evidence, while sharply in conflict, was determined by the jury against the contentions of the defendant, and authorized the verdict, which was approved by the trial judge, whose judgment overruling the motion for new trial is    *Affirmed. Broyles, P. J., and Bloodworth, J., concur.*