BERT D. KECK, Appellant, v. A. J. KAVANAUGH, Respondent.

(177 N. W. 99.)

**Evidence — where architect agreed to draw plans for building, the cost of which building was not specified, evidence was admissible to show what the understanding of the parties was as to the cost.**

1. The plaintiff, who is an architect, entered into a written contract with the defendant, by which he agreed to furnish plans and specifications "for a theatre, store and apartment building for site 65x125 feet, to be erected in Grand Forks, North Dakota," for which the defendant agreed to pay a certain per cent of the cost of the building. Nothing was said in the contract about the cost of the building. It is *held* that evidence was admissible to show that it was the understanding of the parties that the building should not cost more than $60,000.

**Evidence — evidence showing the amount and value of the work of architect in preparing plans and specifications inadmissible.**

2. Certain evidence offered by plaintiff for the purpose of showing the amount and value of the work done in preparing the plans and specifications

---

NOTE.—On architect's underestimate of cost of structure as basis of a claim or defense against him, see note in 42 L.R.A. (N.S.) 125.

and the contents of letters written by him to various contractors who submitted bids for the proposed building, *held* properly excluded for reasons stated in the opinion.

**New trial — granting of same on grounds of newly discovered evidence is discretionary with the trial court.**

3. A motion for a new trial on the ground of newly discovered evidence is addressed largely to the sound, judicial discretion of the trial court. Such discretion is to be exercised in determining the diligence shown, the truth of the matters stated, and the materiality and probability and the effect of them, if believed to be true. It is presumed that the discretion was properly exercised; and the appellate court will not interfere unless an abuse of such discretion is clearly shown.

Opinion filed January 10, 1920. Rehearing denied January 30, 1920.

Appeal from the District Court of Grand Forks County, *Cooley, J.*

Plaintiff appeals from a judgment and from an order denying a new trial.

Affirmed.

*Murphy & Toner,* for the appellant.

"Where the question as to the consideration to be paid in an express contract rests in parol, and there is a dispute between the parties, the courts hold that it is proper to admit evidence as to the reasonable value of the work. Munster v. Stoddard, 44 N. D. 105, 170 N. W. 871.

"On an issue as to whether or not a contract was made as claimed any circumstances bearing thereon or any evidence which tends to render that fact probable or improbable is relevant." Tamban v. Moran, 31 Mich. 280; Valley Lumber Co. v. Smith, 37 N. W. 412; Carpenter v. Lennane (Mich.) 132 N. W. 479.

It is generally held that where the newly discovered evidence is in the form of admissions made to third persons, the showing made here is sufficient. Feister v. Kent, 60 N. W. 493; Eckel v. Walker, 48 Iowa, 225; Moran v. Freidman, 88 Hun, 515, 34 N. Y. Supp. 911; Murray v. Weber, 60 N. W. 492; Ry. Co. v. Lovelace (Kan.) 45 Pac. 590.

*Bangs, Hamilton, & Bangs,* for respondent.

To make it proper evidence for consideration, the newly discovered evidence must be decisive of the result. Pengilly v. Case Machine Co. 11 N. D. 254; Keystone Grain Co. v. Johnson, 38 N. D. 562; Echstrand v. Johnson, 168 N. W. 824.

"A motion for a new trial upon the ground of newly discovered evidence is not regarded with favor. The policy of the law is to require of parties, care, diligence, and vigilance in securing and presenting evidence." Canfield v. Jackson, 112 Mich. 120, 70 N. W. 444; Garazewski v. Wurm, 69 N. W. 871.

CHRISTIANSON, Ch. J. Plaintiff brought this action to recover a balance claimed to be due him for services performed for the defendant under the following written contract:

"THIS AGREEMENT, made the 7th day of May, in the year one thousand nine hundred and eighteen by and between Bert D. Keck, architect of Grand Forks, North Dakota, party of the first part, and A. J. Kavanaugh, owner, of Grand Forks, North Dakota, party of the second part.

"The architect agrees to prepare and furnish preliminary sketches, working drawings, necessary details, specifications, draw contracts between owner and contractors and to give general supervision during building operations for a theater, store and apartment building for site 65 x 125 feet, to be erected at Grand Forks, North Dakota, for the owner, for a compensation of five per cent of the total cost of the work. Additional compensation to be charged for residence work, alterations, or special work, as may be agreed upon.

"For all work outside of the town in which the architect lives the owner to pay all necessary traveling and hotel expenses.

"The owner agrees to pay the architect three and one half per cent of the total cost of the work when bids are opened and one and one half per cent when the work is completed.

"If work is postponed or abandoned after the preliminary sketches are made, the owner agrees to pay the architect one and one quarter per cent of the architect's estimated cost, or three and one half per cent when plans and specifications are entirely complete.

"To be built on DeMers avenue, when owner desires. Plans shall include building complete with seating. Bids to be taken and compensation to architect to be based on lowest bids received on various parts.

"Drawings and specifications are instruments of service, and as such are to remain the property of the architect.

[Signed]　Bert D. Keck,
A. J. Kavanaugh."

The complaint alleges that the plaintiff pursuant to said contract performed the services specified therein; that the lowest bid upon the work specified in the plans and specifications for the building was the sum of $96,364.75; that bids were received and opened on or. about June 1, 1918; that under the terms of said contract there became due and owing to the plaintiff for the services so performed the sum of $3,372.76; that no part of the same has been paid except $750, and that payment of the balance has been refused.

The answer admits the execution of the contract, but avers that prior to the execution thereof the plaintiff was specifically informed by the defendant that the defendant did not have and could not expend for the proposed building any sum in excess of $60,000; and that the plaintiff must prepare plans and specifications for a building that could be constructed complete for not to exceed said sum; that plaintiff assured and promised defendant that the building so to be provided for in the plans and specifications to be prepared by the plaintiff would not cost more than $60,000 fully completed; that defendant entered into the written contract with this understanding, and in reliance upon said promises and assurances of the plaintiff, and would not have entered into a contract for the preparation of plans and specifications for any building costing any greater sum than $60,000; that the plans prepared by the plaintiff was not for a building costing $60,000, but for a building costing $96,364.76, according to the lowest bid received for the construction thereof; that the plans and specifications prepared by the plaintiff were valueless to the defendant; that he paid plaintiff $750 before he became aware of the fact that the plans and specifications were not as agreed upon. The defendant therefore demands that the action be dismissed, and that he have judgment against the plaintiff for $750, the amount paid him by the defendant. The plaintiff replied, denying the new matter in the answer. The case was tried to a jury upon the issues thus framed. The jury returned a verdict in favor of the defendant for the amount of his counterclaim. The plain-

tiff has appealed from the judgment and from the order denying his motion for a new trial.

Plaintiff specifies the following reasons why the judgment should be reversed and a new trial ordered:

(1) That the court erred in permitting the defendant to introduce testimony to the effect that it was understood and agreed between the parties that the cost of the building for which plans and specifications were to be drawn by the plaintiff was not to exceed $60,000.

(2) That the court erred in refusing to permit the plaintiff to introduce evidence tending to show the actual cost to the defendant of preparing the plans and specifications involved in this action.

(3) That the evidence introduced and submitted to the jury is insufficient to support the verdict.

(4) That the plaintiff was entitled to a new trial, particularly upon the ground of newly discovered evidence.

The questions will be considered in the order stated.

(1) Plaintiff contends that the rights and obligations of the parties were fixed by the written contract, and that the testimony adduced by the defendant to the effect that there was an understanding between the parties that the building plans provided for in the contract should be for a building which might be constructed at a cost of not to exceed $60,000 was inadmissible on the ground that it tended to contradict and vary the terms of the written contract.

We do not believe that the contention is sound. The rule invoked applies to unambiguous writings which on their face evidence a complete agreement between the parties. In such case, in absence of fraud or mistake, it is conclusively presumed that the whole engagement of the parties is expressed in the writing, and the parties are precluded from introducing parol evidence for the purpose of contradicting, varying, or altering, the terms of the writing. Nor may collateral parol agreements which add to or detract from the terms of the writing be shown, if they have the effect of contradicting, varying, or altering the terms thereof. But where the writing shows that it is not a complete statement of the entire transaction, as where it is silent as to some matter which is essential to a proper understanding and interpretation of the writing; and where the parol evidence is offered to show the existence of an oral agreement entirely consistent with the

terms of the writing, then the rule contended for does not apply. 9 Enc. Ev. 345–351; 10 R. C. L. pp. 1019, 1030–1032. This is recognized both by our statutes and decisions. See Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93, and statutory provisions considered in that case.

It will be noted that the written agreement in this case is entirely silent upon the question of the cost of the building, as well as upon its height and the materials of which it is to be constructed. It would be strange indeed if there was no understanding whatever as to these matters. The contract might have reference to a two-story frame building to cost $15,000, or it might have reference to a ten-story brick building to cost $500,000 or more. It would be equally applicable in either case. The evidence as to the parol agreement with respect to the cost of the proposed building did not tend to contradict or vary the terms of the written contract. The parol agreement sought to be established by such evidence was entirely consistent with the terms of the writing. The following language used by the supreme court of Kansas in considering a similar question is quite applicable here: "How high shall the building be? How is it to be finished? How much is it to cost? There must be something outside the contract to determine these questions. The plaintiff must have had instructions outside the contract with which to undertake to comply, in the preparation of his plans. One of those instructions must have been concerning the cost of the building, and the outside agreement or understanding between these parties concerning the cost of the building does not contradict or vary the terms of this contract. Such an understanding merely supplies an omission in the contract, which omission must be supplied before the contract can be complied with." Bair v. School Dist. 94 Kan. 144, 146 Pac. 347.

(2) It is next contended that the court erred in refusing to permit the plaintiff to show the amount of work done and the number of persons engaged in preparing the plans and specifications. It is contended that that evidence was admissible as bearing upon the probabilities of the case, i. e., whether it was probable that the plaintiff would have agreed to perform the amount of work which he did if the amount of his compensation was to be computed on the basis of a building costing not to exceed $60,000. After a careful consideration we have reached

the conclusion that the trial court ruled correctly in excluding such evidence. It is true "a contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." Comp. Laws 1913, § 5907. And even in an action on an express contract for services performed, evidence of the reasonable value of such services is admissible, where there is a dispute as to the compensation fixed by the contract. In such case the evidence is admissible, not as a basis for the amount of recovery, but as bearing upon the probabilities of the case; that is, it is admissible for the reason that it affords the jury a view of the conditions and circumstances existing at the time the contract was made, and hence may furnish the jury some aid in determining which of the conflicting statements is more likely to be true. Munster v. Stoddard, 44 N. D. 105, 170 N. W. 871. But the evidence offered by the plaintiff did not relate to any fact or condition existing at the time the contract was made. It had reference solely to acts performed by, and wholly within the control of, the plaintiff subsequent to the time the contract was made,—acts over which the defendant had no control, and upon the performance of which no estoppel or admission against his interest could be predicated.

(3) It appears that after the bids had been submitted the plaintiff made certain changes in the plans which had a tendency to decrease the cost of the building and he wrote letters to the various bidders asking them to submit new bids upon the plans as altered. Later he wrote other letters to the different bidders advising them that it would be impossible to go ahead with the work because structural steel could not be obtained for the construction of the proposed building on account of a certain order made by the War Industries Board. The plaintiff offered these various letters in evidence, but they were excluded upon defendant's objection. Error is assigned on this ruling. Little or no argument is submitted in support of this contention. We are of the opinion that the ruling was correct.

(4) It is next contended that the evidence is insufficient to sustain the verdict. It is conceded that the defendant testified to a state of facts which is in accord with the verdict, but it is contended that the facts and circumstances shown by other evidence in the case is so at variance with the testimony of the defendant that that testimony should not be believed. We are unable to agree with this contention.

There are certain facts and circumstances which tend to contradict defendant's testimony, but there are other facts and circumstances which tend to corroborate it. The weight and sufficiency of the evidence were for the jury. It requires an extraordinary case to authorize the court to regard sworn testimony as manifestly impossible or untrue. 10 R. C. L. p. 1008, § 198. No such situation exists in this case. Primarily, the question in this case was whether the arrangement was as testified to by the plaintiff, or as testified to by the defendant. The jury believed the defendant's version of the matter; and, as we view it, the jury's finding has substantial support in the evidence.

The question of the sufficiency of the evidence was also submitted to the trial judge, and he refused to disturb the verdict. The following language used by this court in Munster v. Stoddard, supra, is directly applicable here: "The jurors who heard the testimony and saw the witnesses in this case, by their verdict, said they believed the plaintiff's version of the matters in dispute between the plaintiff and defendant. The trial judge, who also heard the testimony and saw the witnesses, as well as the jurors and attorneys, and was familiar with all the incidents of the trial, by his order denying a new trial, said in effect that he was aware of no justifiable reason for granting a new trial. It is well settled that where there is any substantial evidence to support a verdict, the granting or denial of a new trial on the ground of insufficiency of the evidence rests in the sound judicial discretion of the trial court, and the ruling will not be disturbed unless a clear abuse of discretion is shown."

(5) It is next contended that the trial court should have granted a new trial on the ground of newly discovered evidence. The proposed newly discovered evidence is set forth in the affidavits of five persons who claim to have submitted bids for the construction of the building, or for the installation of heating and plumbing therein, or for the hardware to be used in constructing the building. These persons claim to have been present at the time the bids were opened and they say that at that time the defendant expressed no surprise by word or act at the amount of the bids; and made no statement whatsoever indicating that he was in any manner disappointed or discouraged by reason of the amount of the bids; and made no statement to the effect that he would have to abandon the project on account of the cost of the work as shown

by the bids received. In addition to this the affidavit of one Larson is to the effect that the lowest bids received for the construction of the building in accordance with the plans and specifications was, in his opinion, too low to afford a reasonable profit to such bidders if they had been awarded the contract; that the preliminary plans and specifications were most complete and showed in great detail the work and material requisite in the construction of the building; that it would be impossible to determine or estimate within many thousands of dollars the cost of such building under the conditions existing in the summer of 1918, or at any time, until after bids were received from contractors for the work, or prices for labor and material obtained from those engaged in the business of building and furnishing material.

The affidavit of one Morrow also contains a statement that on the 18th day of July, 1918, he met the defendant in the city of Grand Forks and had a conversation with him in reference to the construction of the building in question, and that in such conversation the defendant stated that, while the cost was higher than he and the architect had expected, he was well satisfied with the lowest bids received for the construction of the various parts of the building; that in his judgment said bids were reasonable considering the character and kind of building which he intended to construct, and that he expected to go ahead with the construction if able to make the necessary arrangements.

Under our laws a new trial may be granted for "newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial." Comp. Laws 1913, § 7660. The exercise of reasonable diligence is, therefore, an express requirement of the statute. The moving party must show, not only that the evidence is newly discovered and that it is material to him, but also, that "he could not with reasonable diligence have discovered and produced" it at the trial. In this case there is really no showing of diligence whatsoever. The plaintiff, Keck, makes an affidavit to the effect that he was not advised by these different persons that they could or would testify to the facts set forth in the affidavits until after the trial of the action, and that he did not know such evidence could be produced on the trial. It appears, however, that all of the affiants are residents of, or represent firms resident in, the city of Grand Forks, where the building was to be con-

structed, the bids opened, and the action tried. Keck was present at the time the bids were opened, and from the evidence adduced by him upon the trial it is manifest that he was fully aware that the proposed new witnesses were also present at that time. Yet he offers no reason for his failure to call these witnesses upon the trial, except the one already stated.

It is elementary that a motion for a new trial on the ground of newly discovered evidence is addressed largely to the sound judicial discretion of the trial court, and that the appellate court will not interfere unless it is shown that such discretion has been abused. McGregor v. Great Northern R. Co. 31 N. D. 471, 492, 154 N. W. 261, Ann. Cas. 1917E, 141. The trial court's "discretion is to be exercised in determining the diligence shown, the truth of the matters stated, and the materiality and probability of the effect of them, if believed to be true." People v. Weber, 149 Cal. 325, 86 Pac. 671; Scanlon v. San Francisco & St. J. R. Co. 128 Cal. 586, 61 Pac. 271; Hayne, New Tr. & App. §§ 87, 89; McGregor v. Great Northern R. Co. supra. In determining the question of diligence it is the duty of the court "to take into consideration the particular circumstances of each case, with all its distinct and varying phases and bearings, for the purpose of ascertaining what is and what is not diligence, within the contemplation of the statute; and its conclusion upon the point is so peculiarly and exclusively an exercise of discretion, that the appellate court will never be justified in interfering therewith unless the record discloses a clear abuse of discretion." 1 Hayne, New Tr. & App. § 92, p. 433; McGregor v. Great Northern R. Co. supra.

We are wholly agreed that the trial court did not abuse its discretion in refusing a new trial on the ground of newly discovered evidence.

The judgment and order appealed from must be affirmed. It is so ordered.

BIRDZELL, ROBINSON, and BRONSON, JJ., concur.

GRACE, J. (specially concurring). The result reached in this case by Justice Christianson, the writer of the opinion, is unquestionably correct. It is contended by the plaintiff, that certain testimony introduced at the trial of the case by the defendant, to the effect that there

was an understanding between the parties, exclusive of the written contract, that the building plans referred to in the contract were intended for a building that should be constructed at a cost not to exceed $60,000, was inadmissible, for the reason that it tended to vary and contradict the terms of the written contract. This contention is without merit, for it is apparent from the written contract it is not complete. It does not cover all the subject-matter of the contract. It does not set forth the cost of the building nor its height, nor does it specify the materials of which it was to be constructed.

These are material elements of the contract; they are among the most important elements of its subject-matter. It would appear to a reasonable mind there must have been some agreement relative to such important matters. These matters not having been included in the written contract it was competent to admit evidence to show that a parol agreement with reference to them was made.

Not only is the rule that such evidence is properly admissible in such case recognized in Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93, but it is, also more fully stated in the case of Gilbert Mfg. Co. v. Bryan, 39 N. D. 13, 166 N. W. 805, wherein, in the syllabus of that case, appears the following language: "Where a written contract is not complete and where it does not cover the whole subject-matter of the contract, where there is a part of the subject-matter of the contract not incorporated in the written agreement, oral testimony is admissible to establish such part as is not included in the written agreement, or, if the contract is partly written and partly verbal, that part which is verbal may be proved by oral testimony, but in so far as the written contract covers and treats of the subject-matter and sets forth the covenants entered into and terms agreed upon, such written contract and the terms thereof cannot be varied by the introduction of oral testimony."

We are of the opinion the testimony introduced was well within the rule as expressed in the language just quoted, and it was properly admissible.

The main opinion contains, substantially, the following language: Where there is any substantial evidence to support the verdict, the granting or denial of a new trial, on the the ground of insufficiency of the evidence, rests in the sound judicial discretion of the trial court,

and the ruling will not be disturbed unless a clear abuse of discretion is shown.

We are inclined to conclude that the language just quoted involves a contradiction, for, where there is substantial evidence to support the verdict, insufficiency of evidence to support the verdict cannot be present. If it be conceded there is substantial evidence to support the verdict, then it is supported, and there is not an insufficiency of evidence. If there is substantial evidence to support the verdict, and the trial court grants a new trial on the grounds of insufficiency of evidence, when such insufficiency does not exist, in some circumstances, that might constitute abuse of discretion, if the order granting a new trial was granted for this reason only; so that we are very doubtful whether the rule stated in the opinion in this case actually states the correct rule which should govern the trial court in such case.

If the trial court believe the evidence is insufficient to sustain the verdict, and grants the motion for a new trial, it is upon the theory that there is no substantial evidence to support the verdict. Where there is substantial evidence to support the verdict, there is hardly any room for the exercise of the trial court's discretion, for the weight and sufficiency of the evidence are for the jury, and, if the evidence is substantial, and the jury have found a verdict in accordance with it, it has determined the sufficiency.

Substantial evidence is sufficient evidence, and, in such case, insufficiency does not exist. In this case the evidence is quite sufficient to sustain the verdict.