178    APPELLATE COURTS OF ILLINOIS.

Egyptian Seed Growers' Exchange v. Hollinger, 238 Ill. App. 178.

*Reversed and remanded.*

---

**Egyptian Seed Growers' Exchange, Appellant, v. D. G. Hollinger, Appellee.**

1. CONTRACTS—*construction giving effect of clauses.* In construing contracts courts will, if possible, give such construction that each clause shall have some effect and perform some office.

2. ASSOCIATIONS—*termination of contract.* Contract between seed growers' exchange and member to "continue to be in full force and effect until" a certain date and "remain in full force and effect continually thereafter, unless cancelled on written

notice," etc., held not subject to termination on notice until after the date specified.

3. CONTRACTS—*construction against party preparing.* Where a contract is entered into upon a form prepared and generally used by one of the parties, and doubt arises as to its true meaning, it should be construed most strongly against the party preparing it, but this does not warrant changing the evident meaning of plain words.

Appeal by plaintiff from the Circuit Court of Clay county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded. Opinion filed August 5, 1925.

CREIGHTON & THOMAS, for appellant.

J. H. SMITH and B. O'NEILL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The Egyptian Seed Growers' Exchange is a nonstock and nonprofit association of redtop growers incorporated under the laws of this State for the purpose of storing, grading and marketing the redtop seed produced by its members. It entered into a contract with each of its members providing, in substance, that the grower should deliver all the redtop seed produced by him for market during the life of the contract to appellant, and that appellant should store, test, clean, grade and sell it for the grower. It further provided that the grower should pay to appellant as liquidated damages five cents per pound for all seed sold by or for him to any person other than appellant. Clause 10 of the contract reads as follows:

"This contract shall be in full force and effect from August 1, 1922, and shall continue to be in full force and effect until the 1st day of July, 1927, and remain in full force and effect continually thereafter, unless cancelled on written notice by either of the parties, to the other, between the 15th and 30th days of May, inclusive, of any year; which notice shall become effective on the first day of the following July."

Appellee, D. J. Hollinger, signed this contract on August 17, 1922. Appellant filed its declaration in assumpsit against appellee to the September term, 1924, of the circuit court of Clay county. The declaration alleged the signing of the contract by appellee and set out the contract in full. It further alleged that appellee delivered to appellant his redtop seed for 1922, but that in the year 1923 appellee produced 300 pounds of seed for market .and should have delivered the same to appellant, but did not, but on the contrary delivered and sold the same to another party, in violation of his agreement, whereby he became liable to pay appellant five cents per pound for the seed so sold to the other party.

After a demurrer of appellee to the declaration had been overruled, he filed a plea of nonassumpsit with notice of special defense and a special plea stating "that on the 17th day of May, A. D. 1923, he delivered to the plaintiff a written notice, cancelling said contract, effective on July 1st, 1923, as by the terms and conditions of said contract he might lawfully do, by means whereof the said contract became and was cancelled, and null and void, as against said defendant from and after July 1st, 1923." To this special plea appellant demurred and the court overruled its demurrer. Appellant elected to abide its demurrer and appellee then withdrew his plea of the general issue and notice of special defense and the court thereupon rendered judgment in favor of appellee and against appellant for the costs of suit, from which this appeal has been perfected.

The sole question in this case is the construction of clause 10 of the contract. It is contended by appellee that under said clause the contract could be terminated by him on the first day of July of any year after the execution thereof, by giving written notice to appellant between the 15th and 30th days of May of that year.

Appellant, upon the other hand, contends that by the terms of clause 10 the contract could not be terminated by such notice until after the first day of July, 1927; that the contract was to run until July 1, 1927, in any event and would continue in force after that date unless canceled by written notice given between the 15th and 30th days of May. This question is squarely raised by the pleadings in this case, and is the only question presented by the record to this court.

If appellee's contention is correct, that is, if the contract could be terminated by notice between the 15th and 30th days of May of any year, then the provision that the contract "shall continue' to be in full force and effect until the first day of July, 1927" must be rejected as surplusage. It can perform no office unless it be construed to mean that the contract was to be irrevocable until that date, and was to continue in full force thereafter unless terminated by notice. If the contract could be terminated as contended by appellee prior to that date this language is meaningless and of no effect. In construing contracts courts will, if possible, give such construction that each clause shall have some effect and perform some office. (*Hayes v. O'Brien*, 149 Ill. 403.) "It cannot be presumed that the parties used words or terms in the conveyance without intending some meaning should be given them, or without an intent that the effect legitimately resulting from their use should follow; hence, if it can be done consistently with the rules of law, that construction will be adopted which will give effect to the instrument, and to each word and term employed, rejecting none as meaningless or repugnant." (*Lehndorf v. Cope*, 122 Ill. 317.) The same doctrine is laid down in *Mittel v. Karl*, 133 Ill. 65, and 6 Ruling Case Law, pp. 837, 838. A construction which requires the court to reject an entire clause of the contract is not to be admitted except from unavoidable necessity. (*City of Alton v. Illinois Transp. Co.*, 12 Ill. 38.) A construction which entirely neutralizes one provision

should not be adopted if the contract is susceptible of another which gives effect to all of its provisions. (*Hayes v. O'Brien, supra,* and 6 Ruling Case Law, p. 838.)

Under these authorities, the court must, if possible, give some meaning and effect to the words in clause 10 that the contract "shall continue to be in full force and effect until the first day of July, 1927." If they are given effect they must be construed as providing that the contract could not be terminated by notice between the 15th and 30th days of May until after the first day of July, 1927, and hence the allegation in appellee's special plea that he gave such notice on the 17th day of May, 1923, did not state a defense to the declaration and the demurrers thereto should have been sustained.

It is true, as contended by appellee, that where a contract is entered into upon a form prepared and generally used by one of the parties and doubt arises as to its true meaning, it should be construed most strongly against the party preparing it, and it would appear from the pleadings that this contract was one of a series similar in terms used by appellant in its dealing with individual seed growers. Yet that contention would not avail as a defense against the construction which the evident meaning of the plain words of this contract, as above indicated, demands.

For the reason that the trial court erred in overruling the demurrer to appellee's special plea the judgment will be reversed and the cause remanded.

*Reversed and remanded.*