356 So.2d 1176 (1978)
FORTUNE FURNITURE MANUFACTURING, INC.
v.
PATE'S ELECTRONIC COMPANY.
No. 50185.
Supreme Court of Mississippi.
March 29, 1978.
*1177 John D. Sibley, Okolona, for appellant.
Thomas J. Gardner, III, Tupelo, for appellee.
Before ROBERTSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a judgment in the amount of $17,250 entered upon the granting of a peremptory instruction for the plaintiff (Appellee) in the Circuit Court of Chickasaw County, Mississippi. From that judgment, appellant appeals.
The evidence showed that on February 18, 1976, M.L. Pate, the owner of Pate's Electronic Company, made an offer to Sidney Whitlock, President of Fortune Furniture, for the installation of a complete video surveillance system to cost $17,000. This proposal, which was marked "Good for 30 days," was accepted by Mr. Whitlock the day it was offered.
The testimony was conflicting with respect to the date work was begun on the installation of the system and the date it was completed. M.L. Pate and his son, Richard, both stated that within a couple of weeks after the offer was accepted, they began pulling cable in the Fortune plant and the system was completely in place by May 10, 1976. Sidney Whitlock and Bill Martin, the Fortune plant manager, testified that the Pates did not begin pulling the cable until approximately April 1, 1976, and did not complete the installation until sometime in July, 1976. In addition, Sidney Whitlock testified and it was pled that when the contract was signed, M.L. Pate stated that the system would be installed in thirty days. The defense contended that this was the meaning of the "Our proposal # 1098 for 30 days" clause.
Richard Pate testified that sometime in May 1976, after the mounting brackets were installed, but before the cameras were in place, Sidney Whitlock told him he (Whitlock) could not afford the system. To the contrary, Whitlock testified that he told Richard Pate that the system had not been installed in thirty days as promised, and that he (Whitlock) no longer wanted it. According to Whitlock, he spoke to M.L. Pate a couple of days later and Pate told him that if he (Whitlock) "... would go ahead and let him install the system, if I (Whitlock) wasn't satisfied with it, that it was his (Pate's) baby." M.L. Pate denied this and stated that while he might install one camera for trial purposes, he would never install a twenty camera system with that understanding.
*1178 In any event, the cameras were installed. However, it was established by the testimony of Richard Pate, Sidney Whitlock, and Bill Martin that three of the cameras did not work properly when the system was turned on. Richard Pate stated that replacements for those cameras were ordered and received but were never installed because of Whitlock's refusal to pay for the system. According to Richard Pate, Whitlock informed them that he would not pay for the system five days after they presented him with the bill. Richard Pate testified that the manufacturer refused to take back the cameras and so the system was still in place in the Fortune plant at the time of the trial.
The trial court granted a peremptory instruction on the grounds that the system was substantially completed within a reasonable time. The appellant contests the granting of that instruction on appeal here and assigns it as the sole point of error.
This appeal is well taken. The general rule is that what is a reasonable time for performance when there is no time specified in the contract is a question of law for the court. Echols v. New Orleans, Jackson & Great North. R.R., 52 Miss. 610 (1876). However, in this case the appellant pled and Sidney Whitlock, its president, testified that at the time he signed Pate's proposal, M.L. Pate told him that the system would be installed within thirty days. The rule is that prior and contemporaneous negotiations are merged only into the writings that are adopted by the parties as the final and complete expression of their agreement. See Swinny v. Cities Service Oil Co., 197 So.2d 795 (Miss. 1967); Tallahatchie Compress & Storage Co. v. Hartshorn, 125 Miss. 662, 88 So. 278 (1921); Pettett v. Cooper, 62 Ohio App. 377, 24 N.E.2d 299 (1939). Further, whether a written contract was intended to be the final and complete expression of the agreement must be determined from the circumstances of the case. Putnam v. Dickinson, 142 N.W.2d 111 (N.D. 1966); Spitz v. Brickhouse, 3 Ill. App.2d 536, 123 N.E.2d 117 (1954).
Since the question whether the written contract was the final and complete expression of the agreement between the parties can be decided only on the basis of the evidence and since the evidence in this case was conflicting, it is clear that a jury issue was presented as to whether Pate had contracted to complete installation of the system within thirty days. The court erred in taking this from the jury.
A second jury issue was presented over the question whether Pate's performance was substantial. In Standard Mill Work & Supply Co. v. Mississippi Steel & Iron Co., 205 Miss. 96, 38 So.2d 448 (1949), we stated:
Substantial performance is not literal, full or exact performance in every slight or unimportant detail, but performance of all important particulars. (205 Miss. at 110, 38 So.2d at 450).
In light of the fact that three cameras did not work properly when the system was turned on, the issue of whether the contract had been performed in all of its important particulars was for the jury. See Hardin v. Beaman, 49 So.2d 732 (Miss. 1951).
For the foregoing reasons, this case must be reversed and remanded for a new trial. On retrial, the parties should consider the applicability of the Uniform Commercial Code to this case. See Bonebrake v. Cox, 499 F.2d 951 (8th Cir.1974). The parties should pay particular attention to section 2-601 (Mississippi Code Annotated section 75-2-601 (1972)), which deals with the buyer's right to reject nonconforming goods; section 2-602(1) (Mississippi Code Annotated section 75-2-602(1) (1972)), which deals with the time for rejection; section 2-508 (Mississippi Code Annotated section 72-2-508 (1972)), which deals with the seller's right to cure; section 2-610 (Mississippi Code Annotated section 75-2-610 (1972)), which deals with anticipatory repudiation, and the various sections on damages of the article on Sales.
In addition, on retrial no amount should be allowed as damages for the cost of hiring an independent electrical contractor unless it is shown that Bill Martin, who told M.L. *1179 Pate to hire the electrician, had either real or apparent authority so to do. See Metzger v. Southern Bank, 98 Miss. 108, 54 So. 241 (1910).
REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH, P.J., ROBERTSON, P.J., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.